JESSICA L. BLOME (CBN 314898)
LILY A. RIVO (CBN 242688)
GREENFIRE LAW, PC
2748 Adeline St, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

US RIGHT TO KNOW, a California Non-Profit Corporation,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and the

UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,

    Defendants.

Case No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Freedom of Information Act

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# INTRODUCTION

1. This action, through which Plaintiff US Right to Know ("USRTK" or "Plaintiff") seeks access to government records held by Defendant United States Department of Health and Human Services ("HHS" or "Defendant") and Defendant United States Centers for Disease Control and Prevention and Agency for Toxic Substances and Disease Registry ("CDC" or "Defendant"), is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.*, and United States Department of Health and Human Services FOIA regulations promulgated thereunder, 45 C.F.R. Part 5 – "FREEDOM OF INFORMATION REGULATIONS." This action challenges Defendant's unlawful failure to abide by the statutory requirements of the FOIA and appliable implementing regulations.

2. Defendants are unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendants have violated, and remain in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Requests; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; (Count III) failing to grant USRTK's requests for a fee waiver under the FOIA; and (Count IV) failing to provide an "estimated date of completion," updated or otherwise.

3. The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4. USRTK seeks declaratory relief establishing that Defendants have violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing Defendants to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its

reasonable attorneys' fees and costs incurred in bringing this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" USRTK both resides and maintains its principal place of business in the Northern District of California.

6. The Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. section 2201 *et seq*.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8. Under the FOIA, 5 U.S.C. section 552(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has his principal place of business."

9. Plaintiff resides in the County of San Francisco.

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

## PARTIES

12. Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

13. Defendant Centers for Disease Control is an agency of the United States executive branch.

14. Defendant Health and Human Services is an agency of the United States executive branch.

15. The CDC qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because the CDC is in possession and control of the records sought by USRTK, the CDC is subject to the FOIA pursuant to 5 U.S.C. section 552(f).

16. The HHS qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because the HHS is in possession and control of the records sought by USRTK, the HHS is subject to the FOIA pursuant to 5 U.S.C. section 552(f).

## LEGAL FRAMEWORK

17. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

18. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

19. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 45 C.F.R. § 5.24(f). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id*.

20. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

21. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id.*; 45 C.F.R. § 5.24(f).

22. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an "alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

23. As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

24. FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l).

25. Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i); 45 C.F.R. § 5.24(f) ("Whenever we cannot meet the statutory time limit for processing a request because of 'unusual circumstances,' as defined in the FOIA, and we extend the time limit on that basis, we will notify you, before expiration of the 20-day period to respond and in writing of the unusual circumstances involved and of the date by which we estimate processing of the request will be completed.").

26. "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

27. If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

28. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

29. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

30. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

31. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, "fees shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

32. Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

## STATEMENT OF OPERATIVE FACTS

### *FOIA Request One*

33. USRTK submitted a FOIA Request ("Request One") to the CDC on January 24, 2023. Request One seeks a waiver of all fees associated with processing the Request. A copy of Request One is attached hereto as **Exhibit A**.

34. Request One seeks agency records related to the operations and activities of the CDC, specifically, regarding the U.S. Government's efforts to understand the origins of the 2014-2016 Ebola epidemic in West Africa. Part I of the Request seeks records of all email correspondence to or from five individuals at CDC and containing four specific keywords or key phrases. Part II of the Request seeks email correspondence to or from the same individuals and containing a combination of five specific

keywords. The time-period covered by Request One is June 1, 2013, to December 31, 2014. Exhibit A at 1-2.

35. USRTK has no commercial interest or value in records responsive to Request One.

36. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origins of the 2014-2016 Ebola outbreak in West Africa and the COVID-19 pandemic in the United States.

37. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, 16 academic papers in public health journals, 13 articles in the BMJ, one of the world's leading medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts on human health.

38. USRTK's investigation of the origins of Covid-19 has been featured in news outlets around the world, including the New York Times, Wall Street Journal, Science, BMJ, USA Today, New Yorker, Vanity Fair, Fox News, The Intercept, Sky News Australia, Daily Mail, The Australian, Bulletin of the Atomic Scientists, RAI 3's Presadiretta, Le Parisien, Le Point, CNET, Taiwan News, La Jornada, The Sun, Daily Caller, New York Post, and many others.

39. USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <https://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the University of California, San Francisco's ("UCSF") Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

40. The CDC acknowledged receipt of Request One via email on January 25, 2023, and

1  assigned the Request tracking number "23-00592-FOIA."

2  41.  Roger Andoh, an employee at the CDC Office of the Chief Operating Officer, wrote to USRTK on January 30, 2023. Mr. Andoh stated that Request One had been received and placed in CDC's "complex processing queue." The CDC invoked the "unusual circumstances" exception to the FOIA's standard twenty-day determination deadline, stating the CDC expected two or more CDC centers, institutes, and offices, may have responsive records. The CDC also stated that they expected to receive and review voluminous records in response to Request One. To process the request promptly, the CDC requested USRTK narrow the scope of the request to limit the number of responsive records. In this acknowledgement, the CDC granted USRTK's request for a fee waiver. Finally, the CDC provided USRTK with an estimated production date of March 13, 2023.

34.  On January 30, 2023, Ms. Yvonne Jones, an employee at the CDC Office of the Chief Operating Officer, wrote to USRTK by email requesting additional information, specifically, email addresses for the individuals named in the FOIA request of January 24, 2023, to aid the agency in conducting their search. This correspondence also stated that the request had been placed on hold until the information requested was received.

35.  USRTK responded on January 31, 2023, providing Ms. Jones email addresses for four out of five individuals referenced in Request One. USRTK requested that the CDC release documents as they become available, and to please contact USRTK if they need additional information,

36.  Ms. Jones, on behalf of the CDC, wrote a letter by email to USRTK on February 9, 2023, alerting USRTK that the CDC was unable to process Request One "as it is currently stated." Ms. Jones stated the CDC is not obligated to process requests when doing so "would be unduly burdensome or otherwise unreasonably strain limited agency resources," based on locating, reviewing, and assembling "a vast quantity of material." Ms. Jones requested the scope of Request One be substantially narrowed, as the majority of records returned for the term, "Austin Demby or Demby." Finally, Ms. Jones requested additional context to identify the specific information of interest.

37.  USRTK responded the following day, February 10, 2023, providing Ms. Jones a narrowed scope for Request One by removing "Austin Demby or Demby" from the original request,

7
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

#23-00592-FOIA. In this request, USRTK modified Part 1 search terms in the keywords from four to two combinations, and the Part II correspondences from five combinations of keywords to three combinations of keywords. USRTK also requested a fee waiver.

38. On March 9, 2023, Ms. Jones wrote to USRTK, stating the CDC was unable to process Request One as it was "unduly burdensome" or would "otherwise unreasonably strain limited agency resources." Ms. Jones wrote that the scope of the request must be "substantially narrowed" if USRTK wished to proceed with a search for responsive documents. According to Ms. Jones, USRTK's request led to, "tens of thousands pages," Ms. Jones suggested eliminating certain types of records, such as "weekly, daily, monthly updates; news/media reports; teleconference with outside entitles, draft talking points, etc." Ms. Jones requested that USRTK "consider providing additional content that may further target the documents of interest."

39. In response to the CDC's request, on March 20, 2023, USRTK again modified their search parameters for Request One to exclude organizational newsletters or published news/media reports and journal articles, as suggested by Ms. Jones. USRTK also retracted the keyword combination of "Sierra Leone" AND "lab" AND "sanitation" under Part II of the request. USRTK stated that aside from these modifications, the February Request would remain as written because, "placing further limits would hamper our effort to obtain records associated with the CDC's knowledge of the origins of the 2014-2016 Ebola virus outbreak."

40. In this March 20, 2023, letter to the CDC, USRTK explained they believed they had "reasonably describe[d]" the records sought in Request One by (1) providing the names of individuals whose records are sought; (2) providing the emails for these individuals, as specifically requested by the CDC; (3) specifying the format of documents sought; (4) specifying keywords for searches; and, (5) specifying the time frame for searches. USRTK noted that a recent settlement from a lawsuit filed against the CDC led to the CDC directing FOIA staff to focus on whether a request "reasonably describes" records sought, rather than on the volume of records resulting from a search.

41. USRTK did not receive any further communication from the CDC for months. On May 15, 2023, USRTK wrote to Ms. Jones at CDC regarding Request One. USRTK requested a status

update, as well as an estimated date of completion.

42. Ms. Jones responded on May 16, 2023, acknowledging USRTK's narrowed scope of the Request, as provided on March 20, 2023. Ms. Jones noted that CDC program staff had completed their search for the requested records, and the case was awaiting final review. The CDC did not provide an estimated date of completion. Ms. Jones stated that a response regarding completion of the request would be sent, "as soon as possible."

43. One month later, on June 15, 2023, having received no communications or records responsive to the Request, USRTK requested a formal "determination" on the FOIA request filed February 10, 2023, as required by the FOIA, U.S.C. § 552(a)(6)(B)(i). USRTK formally demanded the CDC provide, within 10 business days, an official determination, or a date by which USRTK should expect a formal determination. USRTK requested that the CDC provide an estimated completion date per the FOIA's requirement to "promptly" make records available upon request.

44. To date, USRTK has not received any further communication from the CDC about Request One as filed on February 10, 2023.

45. To date, the CDC has not provided USRTK with an updated estimated date of completion. The March 13, 2023, estimated date of completion provided by the CDC in response to Request One as filed on January 24, 2023, expired months ago and the CDC has not produced a single record. The CDC has not provided USRTK with an updated estimated date of completion regarding Request One.

46. To date, the CDC has not provided USRTK with a timely and lawful "determination" that informs USRTK of (1) CDC's determination of whether or not to comply with Request One; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

47. The CDC did not lawfully invoke the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline, because the CDC's May 16, 2023, email did not identify "the date by which we estimate processing of the request will be completed." 45 C.F.R. § 5.24(f). Instead, the May 16, 2023, email stated "processing time is contingent upon the number of requests

9
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

ahead of yours and their complexity and volume."

48. The CDC has not shown due diligence in responding to Request One. 5 U.S.C. § 552(a)(6)(C)(i).

49. To date, the CDC has not produced a single record responsive to Request One. The CDC has failed to issue a decision on USRTK's February 10, 2023, request for a waiver of fees associated with the processing of the Request.

50. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

51. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

### *FOIA Request Two*

52. USRTK submitted a second FOIA Request ("Request Two") to Defendant Department of Health and Human Services (HHS) on January 31, 2023. Request Two seeks a waiver of all fees associated with processing the Request. A copy of Request Two is attached hereto as **Exhibit B**.

53. Request Two seeks agency records pertaining to a specific former HHS employee. This two-part request includes email correspondence to and from this individual, including, as Part I, four keywords or keyphrases, and Part II, five combinations of keywords. The period covered by the request is January 1, 2014, to December 31, 2015. Exhibit B at 1-2.

54. USRTK has no commercial interest or value in records responsive to Request Two.

55. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origin and early conditions of the 2014-2016 Ebola epidemic in West Africa.

56. USRTK incorporates and restates Para. 35-37, *supra*.

57. On January 31, 2023, HHS acknowledged receipt of Request Two, assigning it tracking number "2023-00399-FOIA-OS." This letter was transmitted by email on February 1, 2023, by HHS FOIA Office to USRTK. In this letter, Ray Noussoukpoe, on behalf of HHS, stated that they referred Request Two to the CDC for direct response, and that since HHS FOIA administration is decentralized,

the request would be closed within the HHS office. HHS stated that the CDC will log the request and provide USRTK with a new tracking number for reference.

58. Having received no further communications or acknowledgement by the CDC regarding custody of Request Two, USRTK wrote to the CDC on March 9, 2023, by email. In that correspondence, USRTK explained that Request Two was originally filed on January 31, 2023, with HSS but was referred by HHS to the CDC that same day. USRTK included a copy of the January 31, 2023, HHS acknowledgement letter for reference.

59. USRTK's letter to the CDC dated March 9, 2023, requested that the CDC acknowledge custody of Request Two. Additionally, USRTK stated that neither HHS nor CDC had yet indicated when to expect a formal determination on Request Two, nor an estimated date of completion for Request Two consistent with the FOIA. In this communication, USRTK also requested that the CDC provide a decision as to USRTK's request for a fee waiver.

60. By email later that day, Bruno Viana, Deputy Director for the HSS FOIA Office, wrote to USRTK that he would log the request and ensure the acknowledgment was sent to USRTK that afternoon or the next morning. Mr. Viana admitted that he mistakenly understood the records sought in Request Two would be captured in a different request (Request One) submitted directly to his office.

61. In email response directly to Mr. Viana later that afternoon, USRTK thanked him and explained that the information in Request Two would not be captured in Request One, especially since Request One had been narrowed to exclude Mr. Demby.

62. On March 15, 2023, Ms. Kendra Lightner, a Government Information Specialist at the CDC Office of the Chief Operating Officer, requested information to aid the CDC in complying with USRTK's Request Two. Specifically, the CDC requested USRTK provide, "likely CDC employees that may have communicated with Mr. Demby about the keywords included in your request." This response stated that the CDC placed USRTK's Request Two on hold until the requested information was received.

63. A few days later, on March 20, 2023, USRTK responded to Ms. Lightner, noting that USRTK considered the March 15, 2023, letter an acknowledgment by the CDC of Request Two.

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

USRTK directly responded to the CDC's request for additional information by providing the names and email addresses of four "likely employees that may have communicated with Dr. Demby" regarding the keywords within the request. USRTK requested that the CDC proceed with the search using the names and email addresses provided, and to release documents as available.

64. On May 15, 2023, USRTK emailed Ms. Lightner, requesting a status update from the CDC regarding the search responsive to Request Two. USRTK also requested an estimated date of completion.

65. Ms. Lightner responded by email to USRTK the next day, stating, "the search is complete, and the records have been processed." Ms. Lightner wrote, "the records are currently undergoing public disclosure notification," and she referenced an attached letter for more detail.

66. The May 16, 2023, letter from the CDC attached to Ms. Lightner's email stated that "additional time" would be required to process Request Two. Ms. Lightner also wrote that in accordance with Executive Order 122600, the CDC contacted the submitter and asked him to "identify information in his records deemed to be confidential commercial or financial material." The CDC wrote that after that process was complete, they would forward the releasable portions to USRTK.

67. To date, USRTK has not received any further communication from the CDC about Request Two.

68. To date, the CDC has not provided USRTK an estimated date of completion.

69. To date, the CDC has not provided USRTK with a timely and lawful "determination" that informs USRTK of (1) CDC's determination of whether or not to comply with Request Two; (2) the reasons for its decision; and (3) notice of the right of USRTK to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

70. At no time has the CDC invoked the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline.

71. The CDC has not shown due diligence in responding to Request Two. 5 U.S.C. § 552(a)(6)(C)(i).

72. To date, the CDC has failed to issue a decision on USRTK's request for a waiver of fees

associated with the processing of Request Two.

73. To date, the CDC has not produced a single record responsive to Request Two.

74. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

75. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendants' unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND CDC REGULATIONS:

### FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

76. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

77. USRTK has a statutory right to have Defendants process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated by the Defendants' failure to provide a timely and legally adequate final determination on Request One and Request Two. The estimated date of completion for Request One has expired.

78. To date, USRTK has not received any written communication from Defendants about whether Defendants will comply with Request One and Request Two, Defendants' reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i); 45 C.F.R. Part 5.

79. Based on the nature of USRTK's organizational activities, USRTK will continue to employ the FOIA's provisions to request information from Defendants in the foreseeable future. These activities will be adversely affected if Defendants are allowed to continue violating the FOIA's response deadlines.

80. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendants will continue to violate USRTK's rights to receive public records under the FOIA.

81. Defendants' failure to make a final determination on Request One and Request Two within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:

### UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

82. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

83. USRTK has a statutory right to have Defendants process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated when Defendants failed to promptly provide public, non-exempt records to USRTK in response to the Request One and Request Two, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

84. Defendants are unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

85. USRTK has constructively exhausted its administrative remedies with respect to this claim for both Request One and Request Two.

86. USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

87. Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ the FOIA's provisions to request information from Defendants in the foreseeable future.

88. USRTK's organizational activities will be adversely affected if Defendants are allowed to continue violating FOIA's response deadlines as it has in this case.

89. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendants will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:

### FAILURE TO TIMELY APPROVE USRTK'S FEE WAIVER REQUESTS

90. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

91. USRTK has a statutory right to have Defendants process its FOIA requests in a manner that complies with FOIA.

92. USRTK's rights in this regard were violated by Defendants' unlawful delay in informing USRTK of its decision concerning USRTK's requests for a fee waiver in Request One and in Request Two.

93. Based on the nature of USRTK's organizational activities, USRTK will continue to employ the FOIA's provisions to request information from Defendants in the foreseeable future. These activities will be adversely affected if Defendants are allowed to continue violating the FOIA's requirements and deadlines for fee waiver requests.

94. USRTK's requests for a waiver of all fees associated with Request One and Request Two are appropriate and satisfies all elements required for approval of a fee waiver.

95. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendants will continue to violate the rights of USRTK to receive public records under the FOIA.

96. Defendants' failure to make a timely determination on USRTK's fee waiver requests for Request One and Request Two has prejudiced USRTK's ability to timely obtain public records.

## COUNT IV

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:

### FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

97. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

98. USRTK has a statutory right to have Defendants process its FOIA requests in a manner

1 | that complies with FOIA. USRTK's rights in this regard were violated by Defendants' unlawful failure
2 | to provide an estimated date of completion for both Request One and Request Two, as required by the
3 | FOIA, 5 U.S.C. section 552(a)(7)(B)(ii).

4 | 99.  USRTK formally requested that Defendants provide an updated estimated date of
5 | completion for Request One on June 15, 2023. Defendants did not respond.

6 | 100. USRTK formally requested that Defendants provide an estimated date of completion for
7 | Request Two on March 9, 2023. Defendants did not respond.

8 | 101. Based on the nature of USRTK's organizational activities, USRTK will continue to
9 | employ the FOIA's provisions to request information from Defendants in the foreseeable future. These
10 | activities will be adversely affected if Defendants are allowed to continue violating the FOIA's
11 | requirements for providing USRTK with an estimated date of completion or updated estimated date of
12 | completion on Request One and Request Two.

13 | 102. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court,
14 | Defendants will continue to violate the rights of USRTK to receive public records under the FOIA.

**REQUEST FOR RELIEF**

Wherefore, USRTK prays that this Court:

1. Order Defendants to promptly provide USRTK all information sought in this action and to immediately disclose the requested records for Request One and Request Two in unredacted format unless an exemption is properly claimed and properly applies.

2. Declare Defendants' failure to provide USRTK with a final determination for Request One and Request Two as unlawful under the FOIA.

3. Declare Defendants' failure to promptly provide USRTK with all non-exempt records responsive to Request One and Request Two as unlawful under the FOIA.

4. Declare Defendants' failure to timely approve USRTK's request for a waiver of all fees associated with Request One and Request Two unlawful, and order Defendants to approve USRTK's fee waiver requests.

5. Declare Defendants' failure to provide USRTK with an estimated date of completion, or

updated estimated date of completion, as required by 5 U.S.C. section 552(a)(7)(B)(ii), unlawful under the FOIA.

     5.     Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. section 552(a)(4)(E) or 28 U.S.C. section 2412.

     6.     Grant such other and further relief to USRTK as the Court may deem just and proper.

DATED: August 14, 2023.

/s/ Lily A. Rivo
JESSICA L. BLOME (CBN 314898)
LILY A. RIVO (CBN 242688)
GREENFIRE LAW, PC
2748 Adeline St, Suite A
Berkeley, CA 94703
Telephone:   (510) 900-9502
Facsimile:    (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*