ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MOLLY A. FRIEND (CABN 289677)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-6748
    molly.friend@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and the<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>    Defendants. | Case No. 3:23-cv-04120-PHK<br><br>**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant United States Department of Health and Human Services ("HHS") and Defendant United States Centers for Disease Control and Prevention ("CDC") (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following answer to Plaintiff's Complaint filed on August 14, 2023 (ECF No. 1) in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action. All allegations not specifically admitted are denied.

# INTRODUCTION[1]

1. This paragraph consists of Plaintiff's characterization of this action and conclusions of law, to which no response is required.

2. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

3. The first sentence of this paragraph consists of Plaintiff's characterization of this action to which no response is required. As to the second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

4. This paragraph consists of Plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

5. The first sentence of this paragraph consists of conclusions of law to which no response is required. As to the second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this sentence, and on that basis deny them. To the extent any further response is required, Defendants admit that venue is proper in this judicial district.

6. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction, subject to the terms and limitations of FOIA.

## INTRADISTRICT ASSIGNMENT

7. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision and deny all allegations inconsistent therewith. With respect to the remaining allegations of paragraph 7 regarding

---

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

where events and omissions occurred, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of those allegations, and on that basis deny them.

8. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith. The FOIA speaks for itself and is the best evidence of its contents.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

11. This paragraph consists of conclusions of law regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision and deny all allegations inconsistent therewith.

**PARTIES**

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

13. Defendant CDC admits that it is a federal agency.

14. Defendant HHS admits that it is a federal agency.

15. Defendant CDC admits that it qualifies as an "agency" under the FOIA, and that it is subject to the FOIA. Except as expressly admitted, Defendant CDC denies the allegations in this paragraph.

16. Defendant HHS admits that it qualifies as an "agency" under the FOIA and that it is subject to the FOIA. Except as expressly admitted, Defendant HHS denies the allegations in this paragraph.

**LEGAL FRAMEWORK**

17. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

18. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

19. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

20. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

21. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

22. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

23. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

24. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

25. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

26. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

27. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

28. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

29. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

30. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

31. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

32. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants respectfully direct the Court to the cited provision, and deny all allegations inconsistent therewith.

## STATEMENT OF OPERATIVE FACTS

### *FOIA Request One*

33. Defendant CDC admits that Plaintiff submitted a FOIA request to CDC on January 24, 2023 ("Request One"). The remaining allegations contained in Paragraph 33 contain Plaintiff's description and characterization of this FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to Request One for a full and accurate statement of its contents. All allegations concerning its contents inconsistent therewith are denied.

34. Defendant CDC admits that Request One seeks certain agency records. The remaining allegations contained in Paragraph 34 contain Plaintiff's description and characterization of this FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refers

the Court to Request One for a full and accurate statement of its contents. All allegations concerning its contents inconsistent therewith are denied.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

40. The allegations contained in Paragraph 40 contain Plaintiff's description and characterization of correspondence dated January 25, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

41. The allegations contained in Paragraph 41 contain Plaintiff's description and characterization of correspondence dated January 30, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

34 (2).[2]   The allegations contained in Paragraph 34(2) contain Plaintiff's description and characterization of correspondence dated January 30, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

35(2). The allegations contained in Paragraph 35(2) contain Plaintiff's description and characterization of correspondence dated January 31, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

---

[2] Defendants note that after paragraph 41 in the Complaint, Plaintiff's complaint contains eight paragraphs with duplicative paragraph numbering from 35-41. For ease of reference, Defendants mirror Plaintiff's duplicative numerical formatting with the addition of (2) for the second set of Paragraphs 35-41.

36(2).  The allegations contained in Paragraph 36(2) contain Plaintiff's description and characterization of correspondence dated February 9, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

37(2).  The allegations contained in Paragraph 37(2) contain Plaintiff's description and characterization of correspondence dated February 10, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

38(2).  The allegations contained in Paragraph 38(2) contain Plaintiff's description and characterization of correspondence dated March 9, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

39(2).  The allegations contained in Paragraph 39(2) contain Plaintiff's description and characterization of correspondence dated March 20, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

40(2).  The allegations contained in Paragraph 40(2) contain Plaintiff's description and characterization of correspondence dated March 20, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

41(2).  The allegations contained in Paragraph 41(2) contain Plaintiff's description and characterization of correspondence dated May 15, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

42.  The allegations contained in Paragraph 42 contain Plaintiff's description and characterization of correspondence dated May 16, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

43.  The allegations contained in 43 contain Plaintiff's description and characterization of correspondence dated June 15, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

44.  Defendant CDC admits the allegations in this paragraph.

45.  Defendant CDC admits the allegations in the first sentence of Paragraph 45 of the Complaint. As to the remainder of the allegations in Paragraph 45, Defendants deny the allegations as worded, and aver that the scope of Plaintiff's FOIA request was not finalized until March 20, 2023.

46. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant CDC admits only that it has not provided a final determination on Request One. Defendants deny the remaining allegations contained in this paragraph.

47. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant CDC admits only that the allegations that the May 16, 2023 email stated that processing time is contingent on the number of requests. Defendants deny the remaining allegations contained in this paragraph.

48. This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant CDC denies the allegations in this paragraph.

49. Defendant CDC admits only that it has not produced any records responsive to Request One. Defendant denies the remaining allegations contained in this paragraph.

50. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

### *FOIA Request Two*

52. Defendant HHS admits that Plaintiff submitted a second FOIA request to CDC on January 31, 2023 ("Request Two"). The remaining allegations contained in Paragraph 52 contain Plaintiff's description and characterization of this FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to Request Two for a full and accurate statement of its contents. All allegations concerning its contents inconsistent therewith are denied.

53. Defendant HHS admits that Request Two seeks certain agency records. The remaining allegations contained in Paragraph 53 contain Plaintiff's description and characterization of this FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to Request Two for a full and accurate statement of its contents. All allegations concerning its contents inconsistent therewith are denied.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

56. Defendants incorporate and restate its responses to paragraphs 35-37 above as though fully set forth herein.

57. The allegations contained in 57 contain Plaintiff's description and characterization of correspondence dated January 31, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

58. The allegations contained in 58 contain Plaintiff's description and characterization of correspondence dated March 9, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

59. The allegations contained in 59 contain Plaintiff's description and characterization of correspondence dated March 9, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

60. The allegations contained in 60 contain Plaintiff's description and characterization of correspondence dated March 9, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

61. The allegations contained in 61 contain Plaintiff's description and characterization of correspondence dated March 9, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

62. The allegations contained in 62 contain Plaintiff's description and characterization of correspondence dated March 15, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

63. The allegations contained in 63 contain Plaintiff's description and characterization of correspondence dated March 20, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

64. The allegations contained in 64 contain Plaintiff's description and characterization of correspondence dated May 15, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

65.  The allegations contained in 65 contain Plaintiff's description and characterization of correspondence dated May 16, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

66.  The allegations contained in 66 contain Plaintiff's description and characterization of correspondence dated May 16, 2023, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

67.  Defendant CDC admits the allegations in this paragraph as of the date of the filing (August 15, 2023) of the Complaint but avers that it sent records on August 18, 2023.

68.  Defendant CDC admits the allegations in this paragraph but avers that it sent records on August 18, 2023.

69.  This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant CDC admits the allegations in this paragraph as of the date of filing of the Complaint, but avers that it sent records on August 18, 2023, for Request Two.

70.  Defendant CDC admits the allegations in this paragraph.

71.  This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant CDC denies the allegations in this paragraph.

72.  Defendant CDC denies the allegations in this paragraph and avers that a waiver of fees was granted to Plaintiff.

73.  Defendant CDC admits the allegations in this paragraph as of the August 15, 2023 date of the filing of the Complaint but avers that it sent records to Plaintiff on August 18, 2023.

74.  This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

75.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

///
///
///
///

# CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND CDC REGULATIONS: FAILURE TO PROVIDE TIMELY FINAL DETERMINATION**

76. Defendants incorporate by reference responses to each allegation set forth above as if fully set forth herein.

77. The first sentence of this paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this first sentence. Defendant CDC admits the estimated date of completion for Request One has passed. Defendants deny the remaining allegations contained in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph, and on that basis deny them. Defendants deny the remaining allegations contained in Paragraph 79.

80. Defendants deny the allegations in this paragraph.

81. Defendants deny the allegations in this paragraph.

## COUNT II

**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT: UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS**

82. Defendants incorporate by reference responses to each allegation set forth above as if fully set forth herein.

83. The first sentence of this paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this first sentence. Defendants deny the remaining allegations contained in Paragraph 83.

84. Defendants deny the allegations in this paragraph.

85. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

86. Defendants deny the allegations in this paragraph.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

88. Defendants deny the allegations in this paragraph.

89. Defendants deny the allegations in this paragraph.

## COUNT III

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO TIMELY USRTK'S FEE WAIVER REQUESTS

90. Defendants incorporate by reference responses to each allegation set forth above as if fully set forth herein.

91. This paragraph consists of conclusions of law to which no response is required.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph, and on that basis deny them. Defendants deny the allegations contained in the second sentence of this paragraph.

94. This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants admit the allegations in this paragraph.

95. Defendants deny the allegations in this paragraph.

96. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

## COUNT IV

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

97. Defendants incorporate by reference responses to each allegation set forth above as if fully set forth herein.

98. The allegations in the first sentence of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of this paragraph.  Defendants deny the remaining allegations contained in this paragraph.

99. Defendants admit the allegations in this paragraph.

100. Defendants admit the allegations in this paragraph.

101. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph, and on that basis deny them. Defendants deny the remaining allegations contained in this paragraph.

102. Defendants deny the allegations in this paragraph.

## REQUEST FOR RELIEF

The remaining allegations constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendants deny each and every allegation not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions. 5 U.S.C. § 552(b). Disclosure of such information is not required or permitted.

## SECOND DEFENSE

Plaintiff is not entitled to declaratory relief and/or any other relief beyond what is provided for under the FOIA. 5 U.S.C. § 552.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1. Plaintiff takes nothing by its Complaint;
2. Defendants have judgment against Plaintiff;
3. Defendants be awarded its costs of suit; and
4. For such other and further relief as the Court may deem proper.

DATED: September 29, 2023            Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Molly A. Friend*
MOLLY A. FRIEND
Assistant United States Attorney