ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MOLLY A. FRIEND (CABN 289677)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6488
FAX: (415) 436-6748
molly.friend@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and the<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>Defendants. | Case No. 3:23-cv-04120-PHK<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's order dated November 8, 2023, ECF 28, and the Northern District of California Standing Order, Plaintiff US Right to Know and Defendants the United States Department of Health and Human Services and United States Centers for Disease Control and Prevention ("Defendants"), submit this joint case management statement.

1. **Jurisdiction & Service**

Plaintiff brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. All parties have been served. There are no issues concerning personal jurisdiction, venue, or service.

## 2. Facts

On January 24, 2023, USRTK submitted a FOIA request to Defendant CDC seeking agency records related to the operations and activities of the CDC, specifically related to the 2014-2016 Ebola epidemic in West Africa. ECF 1-1 (Request Two). On January 31, 2023, USRTK submitted a FOIA request to Defendant Department of Health and Human Services (HHS) seeking agency records pertaining to a specific former HHS employee, also related to the 2014-2016 Ebola epidemic in West Africa. ECF 1-2 (Request Two). Request Two was initially sent to Defendant HHS and then referred by HHS to Defendant CDC for direct response. ECF 1, p. 10.

Plaintiff received no records.

On August 14, 2023, Plaintiff filed a complaint under the FOIA in the above-entitled action, seeking compliance with FOIA and 45 C.F.R. Part 5. On September 29, 2023, Defendants filed an answer to Plaintiff's complaint. ECF 19.

On December 22, 2023, Defendant CDC made an interim production of documents in response to Request One which included 538 pages of responsive records (259 pages released in full, 211 pages released in part, and 66 withheld in full). Defendants withheld information from release pursuant to 5 U.S.C. §552 Exemptions 4, 5, and 6. After reviewing the production, Plaintiff noted that the redactions, particularly under Exemptions 4 and 5, may contain important information, but it is impossible to tell, given the extent of the redaction, absent a Vaughn index. To understand the reason for redaction, on January 4, 2024, Plaintiff requested a Vaughn index for both partially and fully withheld documents produced in response to Request One.

On January 16, 2024, Defendant confirmed they would produce the Vaughn index regarding the December 22, 2023, production for Request One. That day, Plaintiff requested a deadline by which Defendants would produce the Vaughn index. On January 31, 2023, Defendants declined to provide a date by which the Vaughn index would be provided. On February 7, 2024, Plaintiff again requested a date by which the Vaughn index, as well as five remaining responsive documents, would be produced. On February 13, 2023, Counsel for Defendants stated that the CDC anticipates having a draft Vaughn index completed by March 29, 2024, but would not commit to this date on Plaintiff's request. On February 23, 2024, Defendants produced the remaining five documents in response to Request One. The

Vaughn index has not been provided.

On August 18, 2023, Defendants produced all records responsive to Request Two. Following production, Plaintiff requested a Vaughn index for redactions in the production. In response, Defendants reviewed the production again and decided to remove the redactions placed under Exemption 4 and produced the updated responsive materials on November 11, 2023. The parties agreed no Vaughn index was needed for the remaining redactions. The parties have now resolved all issues pertaining to Request Two, except for fees and costs.

### 3. Legal Issues

Remaining issues are: (1) Whether Defendants have violated FOIA, through delay necessitating the filing of this case, (2) whether Defendants improperly withheld materials based on claimed FOIA exemptions, (3) whether as a remedy for any such violations, Plaintiff is entitled to declaratory judgment and/or injunctive relief, and (4) Plaintiff's attorneys' fees and costs.

### 4. Motions

There are no prior pending motions. The parties anticipate that, if the matter is not resolved through negotiations between the parties, any remaining issues will be submitted to the Court via cross-motions for summary judgment.

### 5. Amendment of Pleadings

The parties do not anticipate any amended pleadings at this time.

### 6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

At this time, the parties respectfully request that the Court continue to excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.

### 8. Discovery

To date, no party has served or taken any discovery, and do not anticipate that any will be needed.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Counsel for the parties are unaware of any related cases before another judge of this Court.

**11. Relief**

Plaintiff's Statement: Plaintiff seeks declaratory relief establishing that Defendants' failure to comply with FOIA is unlawful, based on Defendants': (1) failure to provide a timely determination for Request One and Request Two prior to Plaintiff's filing their complaint, (2) withholding non-exempt public records responsive to Requests One and Two until Plaintiffs filed this complaint, (3) failure to timely inform Plaintiffs of Defendants' decision concerning Plaintiff's requests for a fee waiver regarding Request One and Request Two, and (4) failure to provide a timely estimated date of completion for Request One and Request Two prior to Plaintiff's filing their complaint, as required by 5 U.S.C. section 552(a)(7)(B)(ii).

Plaintiff may seek injunctive relief requiring Defendants to withdraw certain claimed exemptions (pending review of forthcoming Vaughn index).

Plaintiff will seek attorneys' fees and costs.

Defendants' Statement: Defendants deny that Plaintiff is entitled to any relief and will seek dismissal.

**12. Settlement and ADR**

The parties are currently working to resolve their disputes and do not believe that ADR is necessary or appropriate at this time. If the parties are unable to resolve all of the issues raised by Plaintiff's complaint, the parties may seek referral to a United States Magistrate Judge for a settlement conference at an appropriate time.

**13. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The parties will evaluate whether there are other issues pending Defendants' production of the

Vaughn index for Request One.

**15. Scheduling**

Plaintiff's Statement: Plaintiff requests the Court set March 29, 2024, as a deadline by which Defendant CDC must produce the Vaughn index.

Plaintiff requests a new Case Management Conference be set for April 18, 2024, to address any delay in production of the Vaughn index for the response to Request One and to schedule future motions for summary judgment.

Defendants' Statement: Defendants continue to work towards completing the request Vaughn index and do not believe any further scheduling is necessary at this time. Defendants remain hopeful that any outstanding issues can be resolved between the parties.

**16. Trial**

If the parties do not reach a negotiated resolution, the parties anticipate that this entire case will be resolved on summary judgment, and do not anticipate the need for trial in this case.

**17. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15. Defendants are government entities and therefore exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**18. Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other**

The parties are not presently aware of other matters that should be brought to the attention of the Court.

DATED: March 4, 2024                               Respectfully submitted,

                                                   ISMAIL J. RAMSEY
                                                   United States Attorney

|   |   |
|---|---|
|   | /s/ Molly A. Friend |
|   | MOLLY A. FRIEND |
|   | Assistant United States Attorney |
|   |   |
|   | Attorneys for Defendant |
| DATED: March 4, 2024 | GREENFIRE LAW, P.C. |
|   | /s/ Lily Rivo |
|   | LILY RIVO |
|   | Attorneys for Plaintiff |

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on March 4, 2024, from Lily Rivo for the filing of this document.

                                                              /s/ Molly A. Friend