JESSICA L. BLOME (CBN 314898)
LILY A. RIVO (CBN 242688)
GREENFIRE LAW, PC
2748 Adeline St, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and the<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>Defendants. | Case No. 3:23-cv-04120-PHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Freedom of Information Act |

Pursuant to the Court's order dated March 8, 2024, ECF 30, and the Northern District of California Standing Order, Plaintiff US Right to Know and Defendants the United States Department of Health and Human Services and United States Centers for Disease Control and Prevention ("Defendants"), submit this joint case management statement. The Court specifically requested a statement discussing the status of the Vaughn index and any other progress on the FOIA requests. ECF 30.

1. **Jurisdiction and Service**

Plaintiff brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. All parties have been served. There are no issues concerning personal jurisdiction, venue, or service.

2. **Facts**

On January 24, 2023, USRTK submitted a FOIA request to Defendant CDC seeking agency records related to the operations and activities of the CDC, specifically related to the 2014-2016 Ebola epidemic in West Africa. ECF 1-1 (Request One). On January 31, 2023, USRTK submitted a FOIA request to Defendant Department of Health and Human Services (HHS) seeking agency records pertaining to a specific former HHS employee, also related to the 2014-2016 Ebola epidemic in West Africa. ECF 1-2 (Request Two). Request Two was initially sent to Defendant HHS and then referred by HHS to Defendant CDC for direct response. ECF 1, p. 10. Plaintiff received no records.

On August 14, 2023, Plaintiff filed a complaint under the FOIA in the above-entitled action, seeking compliance with FOIA and 45 C.F.R. Part 5. On September 29, 2023, Defendants filed an answer to Plaintiff's complaint. ECF 19.

On December 22, 2023, Defendant CDC made an interim production of documents in response to Request One which included 538 pages of responsive records (259 pages released in full, 211 pages released in part, and 66 withheld in full). Defendants withheld information from release pursuant to 5 U.S.C. §552 Exemptions 4, 5, and 6. On January 4, 2024, Plaintiff requested a Vaughn index for both partially and fully withheld documents produced in response to Request One.

The parties have now resolved all issues pertaining to Request Two, except for fees and costs.

On March 4, 2024, the parties submitted a Joint Case Management Statement. ECF 29. The parties indicated that they would evaluate pending issues following Defendants' production of the Vaughn index for Request One. Plaintiff requested the Court set March 29, 2024, as a deadline by which Defendant CDC produce the Vaughn index and requested the Case Management Conference be set for April 18, 2024, to address any delay in production of the Vaughn index. Defendants stated they would continue to work toward completing the requested Vaughn index. ECF 29, p. 4.

On March 8, 2024, the Court issued an in-chambers text order vacating the initial case management conference set for March 14, 2024, and re-setting the initial case management conference for April 20, 2024. ECF 30. The Court ordered the parties to refile a case management statement discussing the status the Vaughn index and progress on the FOIA requests by April 19, 2024. ECF 30.

On March 29, 2024, Defendants produced to Plaintiffs a supplemental release of 536 documents responsive to Request One. The cover letter indicated that the Vaughn index would be subsequently sent.

On April 1, 2024, counsel for Plaintiff wrote to counsel for Defendants confirming the Vaughn index would be sent by the end of the week, April 5th.

On April 2, 2024, Defendants provided Plaintiff the Vaughn index for documents responsive to Request One. On April 16, 2024, upon review of the Vaughn index, Plaintiff identified approximately 29 pages for which they request more information and/or a lifting of redactions.

On April 17, 2024, Defendants stated they are in the process of reviewing the documents and lifting some of the challenged redactions. Defendants agree to re-process the documents by April 26, 2024. Defendants and Plaintiff intend to meet and confer should Defendants intend to keep any of Plaintiff's challenged redactions.

**3. Legal Issues**

Remaining issues are: (1) Whether Defendants have violated FOIA, through delay necessitating the filing of this case, (2) whether Defendants improperly withheld materials based on claimed FOIA exemptions, (3) whether as a remedy for any such violations, Plaintiff is entitled to declaratory judgment and/or injunctive relief, and (4) Plaintiff's attorneys' fees and costs.

**4. Motions**

There are no prior pending motions. The parties anticipate that, if the matter is not resolved through negotiations between the parties, any remaining issues will be submitted to the Court via cross-motions for summary judgment.

**5. Amendment of Pleadings**

The parties do not anticipate any amended pleadings at this time.

**6. Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

At this time, the parties respectfully request that the Court continue to excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.

**8. Discovery**

To date, no party has served or taken any discovery, and do not anticipate that any will be needed.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Counsel for the parties are unaware of any related cases before another judge of this Court.

**11. Relief**

<u>Plaintiff's Statement</u>: Plaintiff seeks declaratory relief establishing that Defendants' failure to comply with FOIA is unlawful, based on Defendants': (1) failure to provide a timely determination for Request One and Request Two prior to Plaintiff's filing their complaint, (2) withholding non-exempt public records responsive to Requests One and Two until Plaintiffs filed this complaint, (3) failure to timely inform Plaintiffs of Defendants' decision concerning Plaintiff's requests for a fee waiver regarding Request One and Request Two, and (4) failure to provide a timely estimated date of

completion for Request One and Request Two prior to Plaintiff's filing their complaint, as required by 5 U.S.C. section 552(a)(7)(B)(ii).

Plaintiff may seek injunctive relief requiring Defendants to withdraw certain claimed exemptions set forth in Defendants' Vaughn index.

Plaintiff will seek attorneys' fees and costs.

<u>Defendants' Statement</u>:

Defendants continue to deny that Plaintiff is entitled to any relief and seeks dismissal.

**12. Settlement and ADR**

The parties are currently working to resolve their disputes and do not believe that ADR is necessary or appropriate at this time. If the parties are unable to resolve all of the issues raised by Plaintiff's complaint, the parties may seek referral to a United States Magistrate Judge for a settlement conference at an appropriate time.

**13. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The parties will evaluate whether there are other issues pending Defendants' response to Plaintiff's request.

**15. Scheduling**

<u>Plaintiff's Statement</u>: Plaintiff requests the Court set April 30, 2024, as a deadline by which Defendants must respond in full to Plaintiff's request to re-process documents highlighted in the Vaughn index including by lifting redactions and producing documents and/or providing more information for applied exemptions.

Plaintiff requests a new Case Management Conference be set for May 14, 2024, to address any delay in production of the re-processed documents or production of a more detailed Vaughn index for the highlighted documents, and to schedule future motions for summary judgment.

<u>Defendants' Statement</u>:

Defendants have stated that they will produce a reprocessed production of documents by April 26, 2024.  As such, Defendants do not believe it is necessary for the Court to set a deadline for such production.  Defendants agree to continuing the current Case Management Conference to a later date.

**16. Trial**

If the parties do not reach a negotiated resolution, the parties anticipate that this entire case will be resolved on summary judgment, and do not anticipate the need for trial in this case.

**17. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15. Defendants are government entities and therefore exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**18. Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other**

The parties are not presently aware of other matters that should be brought to the attention of the Court.

DATED: April 19, 2024                                       GREENFIRE LAW, P.C.

                                                                              */s/ Lily A. Rivo*

                                                                              LILY A. RIVO

                                                                              JESSICA L. BLOME

                                                                              Attorneys for Plaintiff

DATED: April 19, 2024

/s/ *Molly A. Friend*

MOLLY A. FRIEND

Assistant United States Attorney

Attorneys for Defendant

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on April 19, 2024, from Molly Friend for the filing of this document.

/s/ *Lily A. Rivo*