ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MOLLY A. FRIEND (CABN 289677)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7177
    FAX: (415) 436-6748
    molly.friend@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and the<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>    Defendants. | Case No. 3:23-cv-04120-PHK<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**<br><br>Freedom of Information Act |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 3:23-cv-04120-PHK

Pursuant to the Court's order dated July 19, 2024, ECF 38, and the Northern District of California Standing Order, Plaintiff US Right to Know and Defendants the United States Department of Health and Human Services and United States Centers for Disease Control and Prevention ("Defendants"), submit this joint case management statement.

**1.     Jurisdiction and Service**

Plaintiff brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. All parties have been served. There are no issues concerning personal jurisdiction, venue, or service.

**2.     Facts**

On January 24, 2023, USRTK submitted a FOIA request to Defendant CDC seeking agency records related to the operations and activities of the CDC, specifically related to the 2014-2016 Ebola epidemic in West Africa. ECF 1-1 (Request One). On January 31, 2023, USRTK submitted a FOIA request to Defendant Department of Health and Human Services (HHS) seeking agency records pertaining to a specific former HHS employee, also related to the 2014-2016 Ebola epidemic in West Africa. ECF 1-2 (Request Two). Request Two was initially sent to Defendant HHS and then referred by HHS to Defendant CDC for direct response. ECF 1, p. 10. Plaintiff received no records.

On August 14, 2023, Plaintiff filed a complaint under the FOIA in the above-entitled action, seeking compliance with FOIA and 45 C.F.R. Part 5. On September 29, 2023, Defendants filed an answer to Plaintiff's complaint. ECF 19.

The parties are working cooperatively in this case. As stated in their Joint Case Management Statement filed April 19, 2024, all issues pertaining to Request Two have been resolved. ECF 31.

Regarding Request One, on April 26, 2024, Defendants produced documents in response to Plaintiff's request to re-process specific documents highlighted in the Vaughn index, including by lifting redactions and providing more information concerning applied exemptions. On May 2, 2024, counsel for Plaintiff requested further information from Defendants concerning specific exemptions and redactions within this production. On May 10, 2024, Defendants lifted many of the remaining challenged redactions. Defendant has withheld some information pursuant to FOIA Exemptions.

The parties have now resolved all issues pertaining to both Requests, except for fees and costs. On June 7, 2024, Plaintiff's counsel sent correspondence to Defendants' counsel an estimate of Plaintiff's fees and costs in this matter and an offer of settlement. On June 24, 2024, Defendants requested a formal demand letter with supporting billing summaries in response. On July 5, 2024, Plaintiff sent Defendants a formal demand letter with supporting billing entries and requested a response by July 26, 2024. Defendants are in the process of reviewing the demand and preparing a response, which they will provide to Plaintiff by August 23, 2024. In the absence of a settlement by September 26th, the parties will present to the court a proposed schedule for briefing a motion on fees. As the issue of attorneys' fees is the sole remaining issue, the parties would benefit from additional time to attempt to resolve this issue without the need for judicial intervention.

### 3. Legal Issues

Remaining issues are: Plaintiff's attorneys' fees and costs.

### 4. Motions

There are no prior pending motions. The parties anticipate that, if the matter is not resolved through negotiations between the parties, any remaining issues will be submitted to the Court via cross-motions for summary judgment.

### 5. Amendment of Pleadings

The parties do not anticipate any amended pleadings at this time.

### 6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

At this time, the parties respectfully request that the Court continue to excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.

///

///

**8.     Discovery**

To date, no party has served or taken any discovery, and do not anticipate that any will be needed.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

Counsel for the parties are unaware of any related cases before another judge of this Court.

**11.    Relief**

<u>Plaintiff's Statement</u>: Plaintiff filed this complaint seeking declaratory relief establishing that Defendants' failure to comply with FOIA is unlawful, based on Defendants': (1) failure to provide a timely determination for Request One and Request Two prior to Plaintiff's filing their complaint, (2) withholding non-exempt public records responsive to Requests One and Two until Plaintiffs filed this complaint, (3) failure to timely inform Plaintiffs of Defendants' decision concerning Plaintiff's requests for a fee waiver regarding Request One and Request Two, and (4) failure to provide a timely estimated date of completion for Request One and Request Two prior to Plaintiff's filing their complaint, as required by 5 U.S.C. section 552(a)(7)(B)(ii).

Since filing this complaint, and throughout this lawsuit, Defendants have produced records responsive to Plaintiff's Requests One and Two.

Plaintiff seeks attorneys' fees and costs.

<u>Defendants' Statement</u>:

Defendants continue to deny that Plaintiff is entitled to any relief and seeks dismissal.

**12.    Settlement and ADR**

The parties are currently working to resolve their disputes and do not believe that ADR is necessary or appropriate at this time. If the parties are unable to resolve all of the issues raised by Plaintiff's complaint, the parties may seek referral to a United States Magistrate Judge for a settlement conference at an appropriate time.

///

**13.   Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**

The parties will evaluate whether there are other issues pending Defendants' response to Plaintiff's request.

**15.   Scheduling**

<u>Plaintiff's Statement</u>:

Plaintiff requests the Court continue the Case Management Conference currently set for August 22, 2024, to allow the parties additional time to attempt to resolve this matter without the need for further court intervention. Plaintiff requests the Court set a date of September 26, 2024 for the case management conference, along with the associated deadlines.

<u>Defendants' Statement</u>:

Defendants request that the Court continue the Case Management Conference currently set for August 22, 2024, to September 26, 2024, to allow time for the parties to try to resolve the remaining issues in this matter.

**16.   Trial**

If the parties do not reach a negotiated resolution, the parties anticipate that this entire case will be resolved on summary judgment, and do not anticipate the need for trial in this case.

**17.   Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15. Defendants are government entities and therefore exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**18.   Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

**19.   Other**

The parties are not presently aware of other matters that should be brought to the attention of the Court.

DATED: August 12, 2024

/s/ Molly A. Friend

MOLLY A. FRIEND
Assistant United States Attorney
Attorneys for Defendant

DATED: August 12, 2024                    GREENFIRE LAW, P.C.

/s/ Lily Rivo
LILY RIVO
Attorneys for Plaintiff

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on August 12, 2024, from Lily Rivo for the filing of this document.

   /s/ Molly Friend

# [PROPOSED] ORDER

Pursuant to the parties' Joint Case Management Statement and good cause appearing, IT IS HEREBY ORDERED that the Case Management Conference currently set for August 22, 2024, at 1:00 p.m., is continued to September 26, 2024, at 1:00 p.m.  A case management statement shall be filed seven days before the conference.

IT IS SO ORDERED.

Date: _____

THE HON. PETER H. KANG
UNITED STATES MAGISTRATE JUDGE