Rachel S. Doughty (Cal. Bar No. 255904)
Lily A. Rivo (Cal Bar No. 242688)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
LRivo@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and the UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>Defendants. | Case No.: 3:23-cv-04120-PHK<br><br>**DECLARATION OF LILY RIVO IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: April 18, 2025<br>Time: 1:00 p.m.<br>Judge: Hon. Peter H. Kang<br>Dept: Floor 15, Courtroom F |

I, Lily Rivo, hereby declare as follows:

1. I submit this declaration in support of Plaintiff's Motion for Award of Attorneys' Fees in the above-captioned matter. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.

2. I am an attorney with Greenfire Law PC and am licensed to practice in California. Together with lead counsel, Rachel Doughty, I represent Plaintiff U.S. Right to Know ("USRTK"). I have personal knowledge of the facts declared herein or have been informed by those individuals who have personal knowledge of the facts and will competently testify to them if called upon to do so.

3. As counsel, I engaged in various aspects of this case, including legal research and drafting, client counseling, review of documents released by Defendants, and communication/ negotiation with counsel for Defendants.

4. USRTK submitted a FOIA request ("Request One") to CDC on January 24, 2023, and USRTK submitted a FOIA request to HHS ("Request Two") on January 31, 2023. HHS referred Request Two to the CDC.

5. After USRTK filed the complaint in this case, Defendants asked for a two-week extension to file their answer. Their answer was filed on September 29, 2023.

6. Days after this lawsuit was filed, on August 18, 2023, Defendants produced records responsive to Request Two. Through this production, Defendants located 391 pages of responsive records and released 219 either in full or with minor redactions. The remaining 172 pages were withheld based on Defendants' assertion of 5 U.S.C. § 552 Exemptions 4 and 6. On October 24, 2023, I requested a Vaughn index to identify any fully withheld document(s). Defendant responded on October 26, 2023, stating they would re-examine the records to determine if any redactions should be lifted and why they were withheld. On November 14, 2023, after I again requested a Vaugh index for redactions, Defendants re-reviewed the production and on November 29, 2023, they ultimately lifted all redactions and claimed

exemptions aside from those involving personal numbers and passcodes, which are of no interest to USRTK.

7. In October and November of 2023, I communicated several times with counsel for Defendants, asking that Defendants identify when records would be provided responsive to Request One. On November 22, 2023, Defendants' counsel stated that an interim release might not occur until December 2023.

8. On December 19, 2023, I once again requested a status update on production. On December 21, 2023, I followed- up by email, requesting the universe of records for Request 1 and an expected date by which Plaintiff could expect a rolling release of records. The CDC finally released its first round of records responsive to Request One on December 22, 2023.

9. On January 4, 2024, after USRTK reviewed the record production, on behalf of Plaintiff, I requested additional information regarding redacted documents in the form of a Vaughn index. On January 16, 2024, Defendant CDC emailed and confirmed that they would produce the Vaugh index, but they did not provide a production deadline. I followed up immediately and requested a date for production of the Vaughn index, and a date by which the final five documents would be produced. From January 16th to February 14th, I repeatedly emailed counsel for Defendants requesting both an estimated date of production for the Vaughn index and the final production of the five responsive documents. On February 13, 2024, counsel for Defendants wrote that Defendant CDC anticipated having a draft Vaughn index by March 29, 2024, but would not commit to this date on Plaintiff's request by email the next day. A true and correct copy of these communications is attached to this declaration as **Exhibit A.**

10. After the Court ordered Defendants to re-process the documents, I communicated with USRTK and Defendants to request more information concerning some of the remaining redactions. Defendants re-produced records on April 26, 2024. I followed up with Defendants by email on May 7, 2024, requesting re-review of two sections of the production subject to redaction and exemption. By the final production on May 10, 2024, Defendants had lifted all

exemption 4 redactions, providing previously withheld records in full, and applied exemption 5 redactions to a two-page document.

11. On May 17, 2024, the parties informed the Court that they had resolved all issues pertaining to Defendants' production for Request One and Request Two, except for attorneys' fees and costs. On June 7, 2024, Plaintiff's counsel sent correspondence to Defendants' counsel with an estimate of Plaintiff's fees and costs and an offer of settlement. On June 24, 2024, Defendants requested a formal demand letter with supporting billing summaries in response. On July 5, 2024, Plaintiff sent Defendants a formal demand letter with supporting billing entries and requested a response by July 26, 2024. A true and correct copy of the formal demand letter is attached to this declaration in **Exhibit B**.

12. Between July 5, 2024 and the filing of the present motion, the parties have engaged in settlement discussions, and while Defendants stipulate that Plaintiff is eligible for fees and costs, the parties have been unable to otherwise agree on the amount of fees and costs that Plaintiff is entitled.

13. On September 13, 2024 (more than two months after Plaintiff's formal demand letter), Defendants provided a formal response to USRTK's fees and costs demand. A true and correct copy of this response is attached to this declaration in **Exhibit B**.

14. Written settlement communications continued from October 2024 through January 2025, to no avail. I also repeatedly called counsel for Defendants during this period of time in an effort to speed up resolution of the case and to avoid the unnecessary accrual of attorneys' fees. A true and correct copy of the written communications, redacted in part for confidentiality, are attached as **Exhibit B**.

15. The majority of hours incurred in this case come from work related to settlement communications and the instant motion. In this regard, I repeatedly tried to resolve the case without delay and the incurrence of associated billable hours; however, Defendants' delay and settlement posture made this impossible.

16. On February 10, 2025, the parties attended a settlement conference before

1  Magistrate Judge Laurel Beeler, which also did not lead to settlement.

2      I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th

3  day of March 12, 2025, in Berkeley, California.

By:   <u>*/s/ Lily A. Rivo*</u>
       Lily A. Rivo

- 5 -
DECLARATION OF LILY RIVO ISO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
3:23-cv-04120-PHK