**EXHIBIT B
to Declaration of Lily A. Rivo**



LILY A. RIVO
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Phone: (510) 900-9501
Email: lrivo@greenfirelaw.com
www.greenfirelaw.com

July 5, 2024

*By Electronic Mail*

Molly Friend
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6488
molly.friend@usdoj.gov

RE:   Plaintiff's Fees and Costs Demand
      *USRTK v. CDC, et al,* Case No. 3:23-cv-04120-PHK (N.D. Cal.)

      *THIS DOCUMENT AND ITS ATTACHMENTS ARE SUBJECT TO FRE 408*

Dear Molly,

Per your request via email June 24, 2024, this letter constitutes Plaintiff USRTK's fees and costs demand in the above-captioned case. Attached hereto are timesheet and expense records for Plaintiff's attorneys. USRTK reserves the right to appropriately edit or modify these records in the event settlement discussions are not successful, including compensation for time spent in negotiations. Please also be advised that if USRTK must file a fee petition with the Court, then USRTK will also ask the Court to award it attorneys' fees for time incurred in connection with that fee petition and associated briefing ("fees-on-fees").

Our total lodestar is over ▓▓▓▓▓ but we are willing to settle at a total fee demand of ▓▓▓▓▓ a total that reflects reductions for time incurred by attorneys on paralegal-type work, a removal of all paralegal and administrative staff time, and billing judgment for other attorney time. A summary is presented below:

| Billers | Graduation Year | Years Experience | Total Hours Billed | Hours Demanded | % Reduction | Laffey Matrix Rate | Total Lodestar | Total Laffey Demand |
|---|---|---|---|---|---|---|---|---|
| Jessica Blome | 2007 | 16 | 4.2 | ■ | 37% | ■ | ■ | ■ |
| Lily Rivo | 2005 | 18 | 58.1 | ■ | 10% | ■ | ■ 0 | ■ |
| Donna Wallace | Admin | NA | 5.6 | 0 | 100% | ■ | ■ | ■ |
| Nuria de la Fuente | Admin | NA | 12.6 | 0 | 100% | ■ | ■ | $0.00 |
| Rachel Doughty | 2004 | 19 | 9.4 | ■ | 10% | ■ | ■ | ■ |
| Jessica San Luis | Admin | NA | 0.5 | 0 | 100% | ■ | ■ | $0.00 |

Over 90 hours were expended on this matter to date, with more anticipated for settlement negotiations and the case management conference in early July. Nevertheless, we are demanding compensation for only 63.4 hours *if the matter is settled by July 26, 2024.*

Hourly rates for Plaintiff's attorneys are based on the adjusted Laffey Matrix, which USRTK understands is likely less than the hourly rates that could be achieved in the Northern District of California. USRTK is using these rates for settlement purposes only, with the understanding that Plaintiff will seek an award of higher hourly rates in the event that a fee petition is required, along with fees for any necessary expert witnesses to justify Plaintiff's attorneys' hourly rates.

Additionally, USRTK incurred a total of $449.16 in costs, representing the filing fee ($402), and costs incurred serving the complaint ($47.16).

This brings the total fees and costs demand to $■

As you know, Plaintiff is the prevailing party, having achieved all the aims of the litigation. Accordingly, Plaintiff is entitled to recover their reasonably attorneys' fees, costs, and expenses . 5 U.S.C. ¶ 552 (a)(4)(E)(ii)(II).

In your email of June 24, 2024, you write that plaintiff must demonstrate both eligibility for and entitlement to an award. *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009). Current law holds that a voluntary or unilateral change in position by the agency may constitute "relief." *Poulsen v. DOD*, 994 F.3d 1046, 1051 (9th Cir. 2021). "A plaintiff can either establish eligibility [for attorney's fees] through a judicial order or an enforceable written agreement or consent decree, or, the "catalyst theory" of showing a voluntary or unilateral change in position, if the complainant's claim is not substantial. *Id.* at 1052; *First Amend. Coal. v. U.S. DOJ*, 878 F.3d 1119, 1127 (9th Cir. 2017), citing 5 U.S.C. § 552(a)(4)(E); *see also Frost Brown Todd LLC v. Ctrs. For Medicare*, Civil Action No. 21-2784 (TSC), 2024 U.S. Dist. LEXIS 19303, at *15-16 (D.D.C. Feb. 5, 2024) (informal agency conduct resulting in long delays in making requested non-exempt records available may serve as the basis for a policy or practice claim)(citations omitted).

As explained in *First Amend. Coal.,* the court looks to multiple factors to determine whether a plaintiff substantially prevailed, including when [requested documents] were released, what triggered the release, and whether plaintiff was entitled to the documents at an earlier time. 878 F.3d at 1128. In this case, it is clear "that the filing of this action had a substantial, causative effect on the delivery of the information. (citations omitted). *Id.*

Plaintiff submitted two requests for documents: Request One on January 24, 2023, and Request Two on January 31, 2023. After receiving no responsive records, Plaintiff filed this action on August 14, 2023. Not until after the August 18, 2023, filing of this lawsuit, did Defendant release documents responsive to Request Two and followed with an updated production on November 11, 2023.

Defendants' production as relates to Request One required more communications between parties, and re-processing on behalf of Defendants. On December 22, 2023, Defendants released 538 pages of records responsive to Request One and over many months, again re-processed documents until eventually, in May 2024, Defendants lifted many remaining redactions.

In other words, it took well over a year, a lawsuit, and then further efforts by lawyers to get Plaintiff the documents it was entitled to in February 2023.

Please advise of the Defendants' position in responding to this fee demand as soon as possible, and no later than July 26, 2024, when the offer will be withdrawn, and Plaintiff will commence an effort to prepare a fees motion.

Sincerely,

Lily Rivo
Greenfire Law, PC



*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*  (415)436-7177
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*  FAX: (415)436-7234

September 13, 2024

Lilly A. Rivo
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
lrivo@greenfirelaw.com

RE: Defendants' Response to Plaintiff's Fees and Costs Demand
    *USRTK v. CDC, et al.*, Case No. 3:23-cv-04120-PHK

Dear Ms. Rivo,

This letter responds to Plaintiff's demand for fees and costs of $▮▮▮▮▮ from the Center for Disease Control ("CDC") and Health and Human Services ("HHS") ("Defendants") in the matter of *U.S. Right To Know v. CDC, et al.*, 3:23-cv-04120-PHK. This is the only remaining issue in this FOIA mater. Defendants were surprised at the fee amount sought given how straightforward this matter has been and how amicably it was resolved. Defendants informed Plaintiff that the FOIA requests were being processed in the order in which they were received, there was no court ordered production schedule, there was no motion practice, and any discussion related to the withholdings was brief and resolved in short order. Defendants are hopeful that the parties can resolve this final issue without judicial intervention and have invested substantial time considering Plaintiff's billing entries in light of the applicable case law. Defendants do not concede that Plaintiff is entitled to or eligible for the fees and costs demanded; however, in an effort to streamline these settlement negotiations Defendants have not advanced every argument available, but will should this matter go to briefing.

As you are aware, Congress did not intend for attorneys' fees awards under FOIA to be automatic. *Church of Scientology v. USPS*, 700 F.2d 486, 492 (9th Cir. 1983). Rather, a plaintiff must demonstrate both eligibility for and entitlement to an award. *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009). We believe that the circumstances of this case raise significant issues with respect to both eligibility and entitlement. Plaintiff risks an award of no attorneys' fees being awarded should this matter require court submission and such risk should be taken into consideration.

*Eligibility*. To establish its eligibility for a fee award, Plaintiff must establish that it has "substantially prevailed" on its FOIA claim. In this case, where Defendants voluntarily produced the records and the issues were resolved without court intervention, Plaintiff must (1) prove that filing the FOIA action "was necessary to obtain the information sought" and (2) present "convincing evidence" that the filing of the action "had a '*substantial causative* effect' on the ultimate receipt of that information." *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991) (citations omitted) (emphasis in original); *First Amendment Coalition v. United States Department of Justice*, 878 F.3d 1119 (9th Cir. 2017). The question is whether the lawsuit was reasonably necessary to obtain the released information; in other words, whether it was the threat of an adverse court ruling, as opposed to the normal course of the administrative process, that led to the release.

The documents were released after the litigation was instituted, to be sure, but proof of causation requires more than "*post hoc, ergo propter hoc*." *See First Amendment Coalition*, 869 F.3d at 1128. ("'the mere fact that information sought was not released until after the lawsuit was instituted is insufficient to establish that a complainant has "substantially prevailed"'") (quoting *Church of Scientology*, 700 F.2d at 491-92). With regard to the first request, Defendants immediately invoked the unusual circumstances exception to the 20-day determination deadline understanding that the documents sought were expected to be voluminous. With regard to request two, documents were produced only days after the filing of the lawsuit. Plaintiff's immediate recourse to litigation here prevents the conclusion that litigation was necessary or had a substantial causative effect on obtaining the information sought. *See Guam Contractors Ass'n v. U.S. Dept. of Labor*, 570 F. Supp. 163, 166 (N.D. Cal. 1983). "The causation requirement is missing when disclosure results not from the suit but from delayed administrative processing." *Conservation Force v. Jewell*, 160 F.Supp.3d 194, 205 (D.D.C. 2016). Recourse to the judicial system was certainly not necessary. We think that it will be difficult for Plaintiff to meet its burden of establishing a causative effect under the catalyst theory in the circumstances presented here.

*Entitlement*. Second, even if the Court finds that US Right to Know is eligible for an attorneys' fees award, such a finding "does not automatically entitle the plaintiff to attorney's fees." *Church of Scientology*, 700 F.2d at 489. The Court has discretion to determine whether a plaintiff is entitled to fees, taking into consideration equitable factors, including "'(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding.'" *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 371 (D.C. Cir.) (quoting *Tax Analysts v. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992)). The fourth "reasonable basis in law" factor can tip the balance in favor of denying fees even when the other three factors favor fees." *Schoenberg v. FBI*, 2 F.4th 1270, 1276 (9th Cir. 2021).

To establish a reasonable basis in law, the Court must find that an agency had "a colorable basis in law" for its position, even if ultimately not correct, and that its position was not taken to frustrate the requester. *See Schoenberg*, 2 F.4th at 1276. In this regard, we believe US Right to Know's entitlement to any fees is questionable. First, it was not withholdings that prompted this litigation. At all stages of this process, Defendants did not show an unwillingness to comply with

their FOIA obligations; Defendants were working through a backlog of FOIA requests. Additionally, Defendants were diligent in reviewing all concerns brought by Plaintiff regarding redactions in the document productions and, on multiple occasions, were willing to reprocess the documents and lift certain redactions. Defendants conducted this reprocessing in as timely a manner as possible.

The fourth factor weighs heavily against a finding that Plaintiff is entitled to fees. Under the fourth entitlement factor, "a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester." *Church of Scientology of Cal.*, 700 F.2d at 492 n.6 (citation omitted). Here, Defendants' delay in processing was justified given the backlog of requests and the impact of COVID-19. *See Read v. FAA*, 252 F. Supp. 2d 1108, 1112 (W.D. Wash. 2003) (finding that delay due to ineptitude alone is not sufficient to weigh in favor of a fee award); *Ellis v. United States*, 941 F. Supp. 1068, 1080 (D. Utah 1996) (when a plaintiff challenges the delay in production of requested documents rather than withholding of documents, the reasonableness factor does not favor a fee award so long as the Government was not engaging in obdurate behavior or acting in bad faith). The reasonable basis factor can tip the balance in favor of denying fees even when the other three factors favor fees. *Schoenberg v. FBI*, 2 F.4th 1270, 1276 (9th Cir. 2021). Here, the fourth factor tips the balance against finding Plaintiff is entitled to fees.

***Reasonableness of the Request***: Defendants dispute the amount of time Plaintiff's attorneys spent preparing the complaint. Courts exclude from an applicant's fee calculation any hours that were not "reasonably expended," including those incurred from overstaffing or "hours that are excessive, redundant or otherwise unnecessary." *Rosenfeld v. U.S. Dep't of Just.*, 904 F. Supp. 2d 988, 1003-04 (N.D. Cal. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, a significant amount of time billed for preparing the complaint was not "reasonably expended." The Legal Framework and Causes of Action sections of the complaint are practically identical to the complaints in *USRTK v. HHS, 21-cv-884-KAW, USRTK v. HHS*, No. 3:21-cv-08056-TSH (N.D. Cal.), and *USRTK v. Defense Threat Reduction Agency*, 3:22-cv-00299-JCS. Given the formulaic and duplicative nature of Plaintiff's complaints, it is inappropriate to bill the government for 14.6 hours of work related to drafting the complaint in this case (12.9 hours for Lily Rivo). Furthermore, it appears that overstaffing occurred between Ms. Rivo and Jessica Blome since their billing entries appear to consist of internal conversations regarding the complaint. Ms. Blome's involvement appears to be duplicative of Ms. Rivo's or vice versa. Accordingly, Defendant applies a 75% reduction to the hours spent on drafting the complaint in this case; reducing Ms. Rivo's time by 9.6 hours, and Ms. Blome's by 1.3.

Similarly, Plaintiff appears to have spent significant amount of time drafting case management statements following the filing the initial joint case management statement. Specifically, Rachel Doughty billed 1.7 on case two case management statements that were prepared after the initial statement and Ms. Rivo billed 2.0 hours on those statements. These case management statements consisted only of brief updates to the status of the case and, therefore, 3.7 hours is excessive. Accordingly, Defendant applies a 50% reduction to the hours; reducing Ms. Rivo's time by 1.0 hour and Ms. Doughty' time by .8 hours.

A significant portion of the requested fees, approximately ▮▮▮▮, is attributable to post-release review and follow-up. Courts in this district have held these fees to be not recoverable. *Sierra Club v. EPA*, 75 F. Supp. 3d 1125, 1149 (N.D. Cal. 2014) ("Plaintiffs are not entitled to recover for time spent reviewing documents they instituted the lawsuit to obtain"); *Electronic Frontier Foundation v. Dep't of Homeland Security*, No. 12-cv-5580-PJH, 2014 WL 6469122, at *6. As Judge Hamilton noted in *EFF*, "Plaintiff would have spent this time even if defendant had timely responded to plaintiff's FOIA request, before the filing of the lawsuit." *Electronic Frontier Foundation*, 2014 WL 6469122, at *6. Judge Hamilton reduced a request of $101,625.25 in fees and costs to $7,936, finding that this amount reasonably compensated a plaintiff who filed a lawsuit to trigger a response from an agency after nearly four months' delay. Defendants recognize that there is some authority in the District that some document review could be recoverable. Recognizing this authority, and the fact that a small number of withholdings were voluntarily lifted, Defendants have applied a 50% discount to the entries relating to document and review and post-review follow-up in Plaintiff's fee demand.

Plaintiff's demand for fees and costs also reflects several instances where billing entries concern time allocated to non-compensable tasks. The Supreme Court determined "purely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). As a result, courts have approved the elimination of clerical tasks from lodestar calculations. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Marquez v. Harper Sch. Dist.*, 546 F. App'x 659, 660 (9th Cir. 2013) ("[t]he district court was within its discretion" when it declined to award fees for clerical tasks); *see also Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013) ("In calculating the lodestar, courts typically exclude time spent on clerical or ministerial tasks because such tasks are properly considered part of an attorney's overhead and are reflected in his or her hourly rate."). As such, neither attorneys nor paralegals may recover fees for clerical work, including filing and mailing of documents and service-related tasks. *See, e.g., Charlotte J. v. Kijakazi*, No. 2:20-CV-00278-MKD, 2021 WL 9747975, at *2 (E.D. Wash. Sept. 15, 2021); 2013 U.S. Dist. LEXIS 157809, 2013 WL 5945805, at *4 n.2 (N.D. Cal. Nov. 4, 2013) (declining to award time for preparation of service documents and communicating with process server). A review of the billing records shows that Ms. Rivo billed the following non-compensable clerical tasks: "filing" "calendaring" "conferring" with staff regarding filings and service, totaling approximately 2.8 hours of non-compensable time. This time is non-compensable and Defendant reduces Ms. Rivo's billable time by 2.8 hours.

Additionally, Plaintiff also improperly seeks fees for time spent compiling time records and preparing the fee demand. Plaintiff billed a total of 4.3 hours for reviewing billing entries and preparing a fee demand; however, time spent on potential fees motions and/or compiling time are not recoverable unless and until a fees motion is successfully brought. Accordingly, Defendant reduces Plaintiff's billable time by 4.3 hours.

Plaintiff staffed three attorneys on this matter with a combined over 50 years of legal experience on a straightforward FOIA case. Defendants note that a significant portion of the billing entries for Ms. Blome and Ms. Doughty are duplicative of those of Ms. Rivo. Additionally, close to 11 hours constitute billing for internal communications between these timekeepers. For this reason, Defendants believe that the Court would find an excessive number of timekeepers leading to

redundant hours spent as a result of multiple counsel performing overlapping work. *See, e.g., Rosenfeld*, 904 F. Supp. 2d at 1006 (docking ten percent of two attorneys' hours); *see also Am. Immigr. Council v. United States Dep't of Homeland Sec.*, 82 F. Supp. 3d 396, 411-12 (D.D.C. 2015) (in case with "eleven attorneys working on and billing their time in a non-extraordinary FOIA case," the district court found: "It is unnecessary—and a waste of judicial resources—however, to scrutinize each individual billing entry. [] Instead, the Court will reduce [plaintiff's] total fee award by 25% as a commensurate counterweight to the surplus of attorneys."). For these same reasons, Defendants apply a 15% discount to plaintiff's attorney's fees generally.

Finally, Defendant disputes the hourly rates sought by Plaintiff's attorneys: $■■■ for Ms. Rivo and for Ms. Doughty, and $■■■ for Ms. Blome. These rates are purportedly based on the *Laffey* Matrix, which has been replaced by the *Fitzpatrick* Matrix in the District of Columbia. Ms. Doughty's and Ms. Rivo's claimed rate of $878 per hour is unreasonable. Ms. Doughty recently stipulated that her reasonable hourly rate would be set by the Fitzpatrick Attorney's Fees Matrix. *See Story of Stuff Project v. United States Forest Serv.*, No. 17-cv-00098 (APM), 2022 WL 1521843, at *1 (D.D.C. May 13, 2022) & ECF Nos. 49 & 49-1 (stipulation and exhibit filed Feb. 6, 2020). With 19 and 18 years of experience respectively, Ms. Doughty and Ms. Rivo's rate should be $■■■ and $■■■ per hour. With 16 years of experience, Ms. Blome's rate should be $■■■ per hour.

In light of the above, Defendants calculate the appropriate *basis* for a fee award to be as follows:

- $■■■ in fees for Lily Rivo
- $■■■ in fees for Rachel Doughty
- $■■■ in fees for Jessica Blome

This total amount needs to be discounted to reflect the significant possibility that Defendants will prevail on the issue of either eligibility or entitlement or both, and Plaintiff will not be awarded any fees. Even assuming only a 30% chance of prevailing on each argument requires the application of a .49 multiplier (.7 * .7), yielding a value of $■■■ Nevertheless, in an effort to streamline negotiations and resolve this matter quickly, I would propose a total payment of $■■■ in compromise of Plaintiff's claim for fees. Please note that any resolution needs to be authorized by each of the two Defendants involved in this litigation.

I believe that the proposal contained in this letter reflects a generous offer in light of both the legal framework and the equities presented here. I look forward to your response.

<div style="text-align: right">
Very truly yours,

ISMAIL J. RAMSEY<br>
United States Attorney
</div>

    /s/ *Molly A. Friend*
MOLLY A. FRIEND
Assistant United States Attorney



Lily Rivo <lrivo@greenfirelaw.com>

## RE: [EXTERNAL] Re: USRTK v CDC Joint Case Mgt Statement

**Friend, Molly (USACAN)** <Molly.Friend@usdoj.gov>  Thu, Jan 2, 2025 at 1:11 PM
To: Lily Rivo <lrivo@greenfirelaw.com>
Cc: Rachel Doughty <rdoughty@greenfirelaw.com>

Dear Lily,

Given the issues we are having with scheduling a settlement conference, I hope that we are able to work to resolve the fees and costs independently. To that end, I have received authority to offer $▮▮▮▮▮ to resolve all fees and costs in this matter. I understand your points regarding the removal of exemptions, however, the agency still has questions regarding document review, which would have occurred regardless of the litigation, over-staffing, and rates. Please let me know if you have any questions regarding this updated offer. I am happy to set aside some time in the next week to discuss via phone if that would be more helpful.

[Quoted text hidden]



Lily Rivo <lrivo@greenfirelaw.com>

## USRTK v. CDC Case 3:23-cv-04120-PHK Fees and Costs Demand

**Lily Rivo** <lrivo@greenfirelaw.com>     Tue, Sep 17, 2024 at 12:10 PM
To: "Friend, Molly (USACAN)" <Molly.Friend@usdoj.gov>
Cc: Rachel Doughty <rdoughty@greenfirelaw.com>

Thank you Molly,

I hope you are feeling better. I appreciate this detailed response. It does seem we are far apart on fees at the moment.

We propose a counter offer of $▇▇▇▇▇▇  This is a global offer to reduce fees in addition to those that had already been reduced in our offer. I have also incurred hours working on this matter since our offer of July 5th.

If it is helpful to discuss details by phone, please let me know a good time to reach you. Thank you.
-L

Lily Rivo, Esq.
**Greenfire Law, PC**
2748 Adeline Street, Suite A
Berkeley, CA 94703
T: 510.900.9502 x 712

lrivo@greenfirelaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.

[Quoted text hidden]



Lily Rivo <lrivo@greenfirelaw.com>

# RE: [EXTERNAL] Re: USRTK v CDC Joint Case Mgt Statement

**Friend, Molly (USACAN)** <Molly.Friend@usdoj.gov>  Mon, Oct 21, 2024 at 4:35 PM
To: Lily Rivo <lrivo@greenfirelaw.com>

Hi Lily,

Thank you for your response. At this time, I'm authorized to offer $[redacted] for a global settlement. We spent a significant amount of time arriving at the number we had in our letter, so if there are specific areas of our response letter that you feel are inaccurate or are calculating differently, that would be very helpful to know as we continue to negotiate.

Thank you,

Molly

---

**From:** Lily Rivo <lrivo@greenfirelaw.com>
**Sent:** Tuesday, October 8, 2024 10:08 AM
**To:** Friend, Molly (USACAN) <MFriend@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Re: USRTK v CDC Joint Case Mgt Statement

Hi Molly,

Curious if you have a response on our updated demand on fees? I'd be happy to hop on a call later this week if that's helpful. Thank you.

Lily Rivo, Esq.

**Greenfire Law, PC**

2748 Adeline Street, Suite A

Berkeley, CA 94703

T: 510.900.9502 x 712

lrivo@greenfirelaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.

Rivo Declaration ISO Motion for Fees, Exhibit B                      12



Lily Rivo <lrivo@greenfirelaw.com>

## RE: [EXTERNAL] Re: USRTK v CDC Joint Case Mgt Statement

**Lily Rivo** <lrivo@greenfirelaw.com>                                                         Thu, Oct 31, 2024 at 10:54 AM
To: "Friend, Molly (USACAN)" <Molly.Friend@usdoj.gov>
Cc: Rachel Doughty <rdoughty@greenfirelaw.com>

Good morning Molly,

Thank you for your October 21, 2024, counteroffer to USRTK's updated September 17, 2024, fees and costs demand. I have reviewed the agencies' counter proposal of $▮▮▮▮▮ and as you requested, respond below to counsel's September 13, 2024, letter.

**Eligibility:**
I dispute the allegation of USRTK's "immediate recourse to litigation" as Defendants admit that the documents were released after the litigation was instituted. The agencies did not show due diligence in responding to either Request 1 or Request 2 and while you state that recourse to litigation was not necessary, the fact is that no documents were provided in the nearly *eight months* between when the requests were submitted, and the complaint was filed.

More importantly, the CDC abandoned the majority, if not all, of their exemptions in this case, but only after I repeatedly followed up with counsel for Defendants. Should it be necessary, USRTK can provide the Court correspondence in which counsel for USRTK requested the Vaughn index for months, requested the Court set a deadline by which the agency must produce the Index, and then ultimately, received a near unredacted release of documents for Request 1. The CDC's change in position over the lawfulness of their claimed exemptions is a "substantial" change in position. *See Judicial Watch, Inc. v. DOK,* 878 F. Supp. 2d 225, 233 (D.D.C. 2012) (eligibility established by agency's discretionary disclosure of records previously withheld under Exemption 5).

**Entitlement:**
USRTK can demonstrate to the Court that the public derived benefit from this case, which involves government response to the Covid 19 outbreak. There is no commercial benefit to USRTK, a non-profit organization. USRTK's interest in the records is investigative and research-based, and importantly, many withholdings asserted by the CDC ultimately had no legal basis but in fact were haphazard. Thus, the agency did not have a "colorable basis in law" for its position in withholding requested documents and the "reasonableness of the agency's withholding" will not be established.

This case leans heavily toward Plaintiff's recovery under an analysis of eligibility and entitlement.

Below, I respond to the agencies' fee objections asserted in their September 13, 2024, letter.

**Reasonableness of the Request:**
1)      Duplicative work drafting the complaint and case management statements:
The agencies contend that it is inappropriate to bill the government for 12.9 hours for Lily Rivo regarding drafting the complaint. Not only did USRTK provide a reduction in hours for the drafting of the complaint, USRTK is requesting nothing for compensation for Donna Wallace's work on the complaint. The entries show that senior attorney Jessica Blome conferred with Lily Rivo regarding "legal framework and method of reviewing client files to support draft complaint," and it is entirely reasonable for the senior partner of a firm to spend time instructing an associate attorney regarding the structure of the complaint.

To demand that USRTK globally reduce by 75% the hours spent drafting the complaint is to ignore the fact most of the associate time was spent on factual description and timeline, and not on the legal framework. This case involves two separate requests, and it was necessary to carefully include all facts concerning the timing of requests and responses (or lack thereof) including the agencies' confusion and redirection of Request No. 2.

2)      Post-release review:
The agency admits that some document review may be recoverable and in this case the challenges to exemptions for Agency review led to a lifting of the redactions, nearly entirely.

3)      Clerical or administrative tasks:
USRTK removed *all* of Donna Wallace, Nuria de la Fuente, and Jessica San Luis's billing entries and the agency contends that Lily Rivo's entries include 2.8 hours of non-compensable time.  While in isolation, entries including the term

Rivo Declaration ISO Motion for Fees, Exhibit B                                                                                 13

"filing" appear clerical, in context these filings include communications with the client concerning filing the complaint, or a final review of documents (which, on 8/14/2023 included a 15% reduction in my fees).

4)     Preparing the fee demand:
The agencies complain that USRTK spent time in furtherance of a fee demand, including 4.3 hours. This is much less than briefing a fee motion, although that may prove to be required. It is the agencies that have unnecessarily prolonged this process, and of course, USRTK will seek fees for any time spent briefing for fee recovery.

5)     Rates and overstaffing:
The agency states that a 15% discount should apply to fees generally because counsel is not entitled to their hourly rates under the Laffey Matrix, even though it sets the rates in this District. Further, reference to what Ms. Doughty received in *Story of Stuff* as a result of a negotiated settlement is not relevant to this discussion. Additionally, the agency contends that billing entries for Ms. Blome and Ms. Doughty duplicate my own. Again, as an associate attorney, it is reasonable to seek review and input from a senior attorney, and USRTK will seek compensation based on the Laffey Matrix.

**USRTK final counteroffer**
USRTK's lodestar is now $[redacted]. USRTK offers to settle this dispute over fees with a 10% reduction to its previously reduced offer of $[redacted], or for $[redacted], inclusive of fees and costs. This is only a little over half of USRTK's lodestar. This takes into consideration some of the agencies' allegations and demonstrates our offer to compromise, in good faith. We must receive a response by November 6, 2024. After that, we must prepare the case management statement, due on November 8, and must shift our focus to that task and briefing fees and costs, work we are unwilling to do for free.

Sincerely,
Lily


Lily Rivo, Esq.
**Greenfire Law, PC**
2748 Adeline Street, Suite A
Berkeley, CA 94703
T: 510.900.9502 x 712
lrivo@greenfirelaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.

On Tue, Oct 22, 2024 at 7:53AM Lily Rivo <lrivo@greenfirelaw.com> wrote:
> Hi Molly,
>
> I'll need to discuss with Rachel who is out of the office this week, and will circle back next week. Thanks.
> -L
>
> Lily Rivo, Esq.
> **Greenfire Law, PC**
> 2748 Adeline Street, Suite A
> Berkeley, CA 94703
> T: 510.900.9502 x 712
> lrivo@greenfirelaw.com
>
> PRIVILEGE AND CONFIDENTIALITY NOTICE
> This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.



Lily Rivo &lt;lrivo@greenfirelaw.com&gt;

## RE: [EXTERNAL] Re: USRTK v CDC Joint Case Mgt Statement

**Friend, Molly (USACAN)** &lt;Molly.Friend@usdoj.gov&gt;  Thu, Jan 2, 2025 at 1:11 PM
To: Lily Rivo &lt;lrivo@greenfirelaw.com&gt;
Cc: Rachel Doughty &lt;rdoughty@greenfirelaw.com&gt;

Dear Lily,

Given the issues we are having with scheduling a settlement conference, I hope that we are able to work to resolve the fees and costs independently. To that end, I have received authority to offer $███████ to resolve all fees and costs in this matter. I understand your points regarding the removal of exemptions, however, the agency still has questions regarding document review, which would have occurred regardless of the litigation, over-staffing, and rates. Please let me know if you have any questions regarding this updated offer. I am happy to set aside some time in the next week to discuss via phone if that would be more helpful.

[Quoted text hidden]



Lily Rivo <lrivo@greenfirelaw.com>

# RE: [EXTERNAL] Re: USRTK v CDC Joint Case Mgt Statement

**Lily Rivo** <lrivo@greenfirelaw.com>  Mon, Jan 6, 2025 at 3:47 PM
To: "Friend, Molly (USACAN)" <Molly.Friend@usdoj.gov>
Cc: Rachel Doughty <rdoughty@greenfirelaw.com>

Molly,

I write regarding the agency's January 2nd offer for $[redacted] to resolve fees and costs. I spoke to Rachel. In the interest of time, I think that we can hold off on our phone call scheduled Wednesday unless the agency can come back with a number closer to Plaintiff's last number, $[redacted]. We still remain very far apart. It may be most beneficial to gain the assistance of the mediator.

Regarding the issue of time spent on document review, as FOIA counsel, we review documents for exemptions and not for any other purpose. I am attaching a motion we filed in another case justifying our fees, and attach declarations that support our rates and time, for your reference. Please let me know if you have any questions. I am still working to secure a date with Magistrate Westmore.

Thank you,

Lily Rivo, Esq.
**Greenfire Law, PC**
2748 Adeline Street, Suite A
Berkeley, CA 94703
T: 510.900.9502 x 712
lrivo@greenfirelaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.

On Thu, Jan 2, 2025 at 3:52 PM Lily Rivo <lrivo@greenfirelaw.com> wrote:
> Hi Molly,
>
> In the interest of time, let's schedule Wednesday at 2 PT and I can also email you earlier in the week with any questions or comments on the updated offer. If your day becomes too hectic Wednesday, we can move to Friday. Thank you - I will send a google invite now.
>
> Lily Rivo, Esq.
> **Greenfire Law, PC**
> 2748 Adeline Street, Suite A
> Berkeley, CA 94703
> T: 510.900.9502 x 712
> lrivo@greenfirelaw.com
>
> PRIVILEGE AND CONFIDENTIALITY NOTICE
> This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.