Rachel S. Doughty (Cal. Bar No. 255904)
Lily A. Rivo (Cal Bar No. 242688)
Richard A. Brody (Cal Bar No. 100379)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
       LRivo@greenfirelaw.com
       RBrody@greenfirelaw.com
*Attorneys for Plaintiff US Right to Know*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and the UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>Defendants. | Case No.: 3:23-cv-04120-PHK<br><br>**DECLARATION OF GARY RUSKIN IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, Gary Ruskin, hereby declare as follows:

1. I am over the age of eighteen and competent to make this declaration, which is based upon my personal knowledge.

2. I make this declaration in support of Plaintiff US Right to Know ("USRTK")'s Motion for Attorneys' Fees and Costs.

3. I am the Executive Director of USRTK. USRTK is a nonprofit investigative public health research group. We uncover, report on, and publish documents obtained through public records laws and whistleblowers that expose corporate wrongdoing or government failures that threaten our health, environment, and food system. Our work has contributed to multiple New York Times investigations, many articles in the British Medical Journal, one of the world's leading medical journals, and global media coverage documenting how food and agrichemical corporations work to protect their profits at the expense of public health and the environment.

4. USRTK has co-authored a number of academic studies, published in journals including Public Health Nutrition, Globalization and Health, International Journal of Environmental Research and Public Health, Journal of Public Health Policy, and more.

5. Many of the documents that inform USRTK's work have been obtained through public records requests. A substantial volume of those records are now available in the University of California, San Francisco's food and chemical industry document archives. We also publicly post on our webpage many of the records we obtain through public record requests to various government agencies.

6. In February, for our FOIA work and reporting on the origins of COVID-19, USRTK received a James Madison Freedom of Information Award. These awards from the Society for Professional Journalists Northern California chapter recognize people and organizations who have

made "significant contributions to advancing freedom of information and expression in the spirit of James Madison, the creative force behind the First Amendment." The award states:

7. "By filing more than 160 requests under the Freedom of Information Act, initiating 30 lawsuits to uncover documents held by federal officials, and combing through tens of thousands of documents, U.S. Right to Know unearthed crucial information about the potential origins of COVID-19 and the high-risk research being conducted at the Wuhan Institute of Virology."

8. "The extensive research conducted by U.S. Right to Know, an Oakland-based nonprofit dedicated to government transparency and public health, found drafts of aborted grant proposals involving the Wuhan Institute of Virology and collaboration with U.S. scientists. Emily Kopp's reporting highlighted the risks of "gain-of-function" research, which involves genetically modifying organisms to test how viruses evolve and spread."

9. "U.S. Right to Know faced heavy criticism from U.S.-based media outlets and politicians, who claimed their work was furthering misinformation. But the nonprofit pressed on, and in January the Central Intelligence Agency stated that it believes COVID-19 likely originated from work done in a laboratory. U.S. Right to Know's work, and their dedication to pursuing government documents in the face of widespread pushback, has helped the public better *understand* a pandemic that claimed millions of lives." Available at: https://spjnorcal.org/2025/02/12/spj-norcal-honors-transparency-champions-in-james-madison-freedom-of-information-awards-3/.

10. USRTK was a 2021 recipient of a James Madison Freedom of Information Award from the Society of Professional Journalists, NorCal Chapter, for our investigations of the food and agrochemical industries.

11. In January 2023, USRTK began submitting public records requests in pursuit of data from public institutions in an effort to discover what is known about the origins of the largest

outbreak of Ebola virus in history, which afflicted West Africa in 2014, claiming more than 11,000 lives in Guinea, Sierra Leone, and Liberia.

12. While mainstream media has widely reported the "origin story" of the outbreak as a two-year old boy in Guinea playing in a bat-infested tree stump, some have cast doubt on the established narrative. Several first-hand accounts and reports, as well as a new phylogenetic analysis of the Ebola outbreak, suggest a hidden and widespread Ebola outbreak in Sierra Leone before authorities officially recognized it. And, a U.S.government-supported research laboratory in Kenema, Sierra Leone has come under scrutiny as a possible source of the epidemic's origin.

13. As part of its investigation into the origins of the 2014 Ebola outbreak, USRTK submitted a FOIA request ("Request One") to CDC on January 24, 2023, and USRTK submitted a FOIA request to HHS ("Request Two") on January 31, 2023.

14. The records sought through these requests are essential to the public understanding of the operations and activities of the government.

15. In Request One and Request Two, USRTK noted that the subject matter of the requests concerned the operations and activities of the CDC and HHS, and disclosure of the requested records would contribute to a reasonably broad audience of interested persons' understanding of the origins of the West African Ebola virus epidemic.

16. The CDC contacted USRTK on January 30, 2023 as regards Request One, invoking the "unusual circumstances" exception to FOIA's standard twenty-day determination deadline, stating that it anticipated being able to produce records by March 13, 2023. On that same date, the CDC also asked for additional contact information regarding persons identified in Request One, which USRTK responded to on January 31, 2023.

17. On February 9, 2023, the CDC wrote USRTK to explain that the agency was unable to process Request One "as it is currently stated." The CDC stated it was not obligated to process requests when doing so "would be unduly burdensome or otherwise unreasonably strain limited agency resources," based on locating, reviewing, and assembling "a vast quantity of material." If USRTK wished for the agency to proceed with its search for responsive documents, the CDC stated the scope of the request would need to be "substantially narrowed."

18. USRTK responded the following day, February 10, 2023, providing CDC a narrowed scope.

19. On March 9, 2023, the CDC wrote USRTK, stating the agency still could not process Request One because it was "unduly burdensome" or would "otherwise unreasonably strain limited agency resources." Again, the agency asked that USRTK substantially narrow the scope of our request.

20. In response to the CDC's request, on March 20, 2023, USRTK again modified our search parameters for Request One; however, USRTK noted that aside from these modifications, the request would remain as written because, "placing further limits would hamper [USRTK's] effort to obtain records associated with the CDC's knowledge of the origins of the 2014-2016 Ebola virus outbreak." USRTK also explained we believed we had "reasonably describe[d]" the records sought in Request One by (1) providing the names of individuals whose records are sought; (2) providing the emails for these individuals, as specifically requested by the CDC; (3) specifying the format of documents sought; (4) specifying keywords for searches; and, (5) specifying the time frame for searches.

21. USRTK did not receive any further communication from the CDC; therefore, on May 15, 2023, USRTK wrote the CDC to ask for a status update on Request One, as well as an

estimated date of completion. The following day, the CDC responded by acknowledging USRTK's narrowed scope of the request, as provided on March 20, 2023. At that point in time, the CDC stated "program staff had completed their search for the requested records, and the case was awaiting final review." The CDC did not provide an estimated date for production, stating only that it would be "as soon as possible."

22. One month later, on June 15, 2023, having received no communications or records responsive to Request One, USRTK requested a formal "determination" on the FOIA request pursuant to U.S.C. § 552(a)(6)(B)(i). CDC did not respond to this request or provide a "determination" to USRTK.

23. On February 1, 2023, the HHS informed USRTK that Request Two was being referred to the CDC for direct response. Receiving no further communications nor acknowledgement by the CDC regarding custody of Request Two, USRTK wrote to the CDC on March 9, 2023 and requested that the agency acknowledge custody of Request Two. Additionally, USRTK stated that neither HHS nor CDC had yet indicated when to expect a formal determination on Request Two, nor an estimated date of completion for Request Two consistent with the FOIA. Later that day, the CDC responded and said it would make sure make sure that acknowledgement of the request occurred by March 10, 2023.

24. On March 15, 2023, the CDC wrote to USRTK to request further information "to aid the agency in complying with" Request Two. USRTK responded on March 20, 2023 by providing further information, as requested. USRTK also stated that it considered the March 15, 2023 letter an acknowledgment by the CDC of Request Two.

25. On May 15, 2023, USRTK emailed the CDC to request a status update and an estimated date of completion for Request Two. The CDC responded the next day, stating the agency's search was complete, and the records were "undergoing public disclosure notification."

26. CDC did not communicate with USRTK thereafter in regard to Request Two nor provide responsive documents.

27. Because CDC was non-responsive to USRTK's FOIA Requests, Plaintiff filed the complaint in this action on August 14, 2023.

28. After the complaint was filed, responsive documents for Request One and Request Two were produced. As it pertains to the final record produced in this case, USRTK promptly posted the entire production on its public website. The website pages addressing the origins of the Ebola epidemic, including the documents produced by CDC and HHS, have been accessed almost 3,000 times to date.

29. USRTK has no commercial interest in the records that are responsive to Request One and Request Two.

30. In the majority of FOIA cases on behalf of USRTK, we have always been able to settle our fees and costs with the government. I am disappointed that CDC could not make a settlement offer that fairly compensated my attorneys in this case.

31. There are few public interest lawyers who are willing and able to litigate FOIA requests on a contingency-fee basis. Even the lawyers who do this work are presented with more cases than they can handle, and turn down many if not most potential plaintiffs. Consequently, as far as I can tell, even strong FOIA cases in which agencies appear to be violating the FOIA often do not see their day in court.

32. Greenfire Law has represented USRTK in several FOIA cases against US government agencies. In all of these matters, including the instant case, Greenfire Law agreed to representation on a contingency fee basis, assuming the risk of incurring hours that may, or may not, be compensated at the end of a case. And in all of these cases, USRTK was able to receive records it was lawfully entitled to under the FOIA.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Signed and Dated this 12th Day of March, 2025.

_Gary Ruskin_