UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW,<br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>    Defendants. | Civil Action No. 3:23-cv-04120 |

## DECLARATION OF ROGER ANDOH

Pursuant to 28 U.S.C. § 1746 and under penalty of perjury, I, Roger Andoh, declare that the following enumerated statements are true and correct to the best of my knowledge.

1. I am over 18 years old and competent to testify.

2. I am submitting this declaration in my capacity as Director of the Freedom of Information Act Office for the Centers for Disease Control and Prevention/Agency for Toxic Substances and Disease Registry ("CDC/ATSDR"), an entity of the U.S. Department of Health and Human Services (HHS). In this capacity, I am the Freedom of Information Officer for CDC/ATSDR.

3. I have been in my current position since June 2016, and I have personal knowledge of the matters and facts discussed in this declaration and any attachments to this declaration. I further make this declaration based upon information available to me in my official capacity.

4. As the FOIA Officer, I supervise and direct the day-to-day activities of the CDC/ATSDR FOIA Office ("CDC-FOIA"). CDC-FOIA is the central office responsible for responding to requests for information under the FOIA (5 U.S.C. § 552) for records from all operating divisions of the CDC and ATSDR. FOIA requests are disseminated electronically to areas within the agency that are considered most likely to possess responsive records. In my position, I determine whether to release or withhold records, or portions of records, in accordance with the FOIA and with the HHS implementing regulations. I also coordinate efforts, as necessary, when one or more of the CDC Centers/Institutes/Offices or one of the ATSDR Divisions is involved in responding to a FOIA request.

5. Due to the nature of my official duties, I am familiar with the procedures followed by CDC-FOIA in responding to requests for information pursuant to the provisions of FOIA, and specifically, I am familiar with the CDC-FOIA's handling of the FOIA requests at issue in the above-captioned matter, which is described below. I have also reviewed the documents at issue in the above-captioned litigation.

6. I make this declaration based upon both my personal knowledge and information that I have received in the course of my official duties as the Freedom of Information Officer for CDC, as well as on the basis of information I have received in conducting these consultations and collecting all of this information.

7. As will be detailed below, CDC-FOIA received two FOIA requests from Plaintiff, one dated January 24, 2023, and the second one dated January 31, 2023.

## PLAINTIFF'S FOIA REQUEST ONE

8. On January 24, 2023, CDC-FOIA received a first FOIA request from Plaintiff via electronic mail ("Plaintiff's FOIA Request One"). A copy of Plaintiff's FOIA Request One is

available at ECF No. 1-1.

9.  Plaintiff's FOIA Request One sought the following documents pertaining to the following former and/or current CDC employees:

- Tom Kenyon, Former Director of the Center of Global Health
- Rima Khabbaz, Former Deputy Director of the Office of Infectious Diseases
- Beth Bell, Former Director of the National Center for Emerging and Zoonotic Infectious Diseases
- Ali S. Khan, Former Director of the Office of Public Health Preparedness and Response
- Austin Demby, Former research scientist.

**Part I**. We request email correspondence to or from the above-named individuals – including attachments, CC and BCC -- containing any of the following keywords or key phrases:
- "Viral Hemorrhagic Fever Consortium" OR "VHFC"
- "Kenema"
- "TKM-Ebola"
- "Austin Demby" OR "Demby."

**Part II.** We seek all email correspondence to or from the above-named individuals – including attachments, CC and BCC – containing the following combinations of keywords:
- "Sierra Leone" AND "biothreat"
- "Sierra Leone" AND "bioincident"
- "Sierra Leone" AND "biosafety"
- "Sierra Leone" AND "biodefense"
- "Sierra Leone" AND "lab" AND "sanitation"

The time period covered by this request is from June 1, 2013 to December 31, 2014.

10.  On January 25, 2023, CDC-FOIA acknowledged receipt of Plaintiff's FOIA Request One via email and assigned it tracking number "23-00592-FOIA." In this acknowledgement letter, CDC-FOIA granted Plaintiff's request for a fee waiver. The acknowledgement letter also provided Plaintiff with an estimated production date of March 13, 2023, and stated that "[p]lease know that this date roughly estimates how long it will take the

3

agency to close requests ahead of your request in the queue and complete work on your request. The actual date of completion might be before or after this estimated date."

11. On January 30, 2023, CDC-FOIA invoked the "unusual circumstances" exception to the 20-day determination deadline allowed by the FOIA statute, 5 U.S.C. § 552. CDC-FOIA explained to Plaintiff that it expected that two or more CDC centers, institutes, and offices, may have responsive records and that it expected to receive and review voluminous records in response to Plaintiff's FOIA Request One. As a result, CDC-FOIA stated that Plaintiff's FOIA Request One had been placed in CDC-FOIA's "complex processing queue." To process the request promptly, CDC-FOIA asked Plaintiff to narrow the scope of the request to limit the number of responsive records. CDC-FOIA requested additional information from Plaintiff, specifically, email addresses for the individuals named in Plaintiff's FOIA Request One, to aid CDC-FOIA to conduct its search. CDC-FOIA also informed Plaintiff that Plaintiff's FOIA Request One had been placed on hold until the information requested was received.

12. On January 31, 2023, Plaintiff responded by providing CDC-FOIA with the email addresses of four out of five individuals referenced in Plaintiff's FOIA Request One. Plaintiff also requested that CDC-FOIA release the documents as they become available.

13. On February 9, 2023, CDC-FOIA informed Plaintiff that it was unable to process Plaintiff's FOIA Request One "as it is currently stated" and that CDC-FOIA is not obligated to process requests when doing so "would be unduly burdensome or otherwise unreasonably strain limited agency resources," based on locating, reviewing, and assembling "a vast quantity of material." CDC-FOIA requested that the scope of Plaintiff's FOIA Request One be substantially narrowed, as the majority of records that had been returned related to the term, "Austin Demby or Demby." CDC-FOIA also requested that Plaintiff provide additional context to identify the

4

specific information of interest.

14.     On February 10, 2023, Plaintiff responded by providing a narrowed scope for Plaintiff's FOIA Request One and removing "Austin Demby or Demby" from the original Plaintiff's FOIA Request One. Plaintiff modified the keywords in the search terms in Part 1 by reducing them from four to two combinations, and modified the correspondences in Part II by reducing them from five combinations of keywords to three combinations of keywords.

15.     On March 9, 2023, CDC-FOIA informed Plaintiff that it was still unable to process Plaintiff's FOIA Request One because it was "unduly burdensome" or would "otherwise unreasonably strain limited agency resources." CDC-FOIA told Plaintiff that the scope of the request must be "substantially narrowed" if Plaintiff wished to proceed with a search for responsive documents. CDC-FOIA explained to Plaintiff that the request led to, "tens of thousands pages," and suggested eliminating certain types of records, such as "weekly, daily, monthly updates; news/media reports; teleconference with outside entities, draft talking points, etc." CDC-FOIA also asked Plaintiff to "consider providing additional content that may further target the documents of interest."

16.     On March 20, 2023, Plaintiff responded by modifying their search parameters for Plaintiff's FOIA Request One to exclude organizational newsletters or published news/media reports and journal articles. Plaintiff also retracted the keyword combination of "Sierra Leone AND "lab" AND "sanitation" under Part II of Plaintiff's FOIA Request One. Plaintiff stated that aside from these modifications, Plaintiff's FOIA Request One as it had been modified in February 2023 (see Paragraph 14 above) would remain as written because "placing further limits would hamper our effort to obtain records associated with the CDC's knowledge of the origins of the 2014-2016 Ebola virus outbreak." Plaintiff also explained they believed they had "reasonably

describe[d]" the records sought in Plaintiff's FOIA Request One by (1) providing the names of individuals whose records are sought; (2) providing the emails for these individuals, as specifically requested by the CDC; (3) specifying the format of documents sought; (4) specifying keywords for searches; and, (5) specifying the time frame for searches. Plaintiff noted that a recent settlement from a lawsuit filed against the CDC led to the CDC directing FOIA staff to focus on whether a request "reasonably describes" records sought, rather than on the volume of records resulting from a search.

17. On May 15, 2023, Plaintiff requested a status update, as well as an estimated date of completion.

18. On May 16, 2023, CDC-FOIA responded by acknowledging that on March 20, 2023, Plaintiff had narrowed the scope of Plaintiff's FOIA Request One. CDC-FOIA informed Plaintiff that it had completed its search for the requested records, and that the records were awaiting final review. At that time, CDC-FOIA could not provide an estimated date of completion because CDC-FOIA staff was operating under a backlog and processing all FOIA requests on a first-in, first-out basis, which is not only CDC-FOIA's usual practice, but also the courts' approved method for agencies that have a FOIA backlog. For reference, CDC-FOIA, which had 13 analysts at that time, received 1,951 FOIA requests in 2023 alone, and processed 2,048 requests during that year. As a result, CDC-FOIA informed Plaintiff that it would send a response regarding completion of the request "as soon as possible."

19. On June 15, 2023, Plaintiff stated that they "formally demand that CDC provide, within 10 business days, an official determination on this request or, at the very least, a certain date by which we should expect a determination." Plaintiff also requested that the CDC provide an estimated completion date per the FOIA's requirement to "promptly" make records available

upon request.

20.     On December 22, 2023, CDC-FOIA made the first of its two interim releases to Plaintiff in response to Plaintiff's FOIA Request One. This first interim release encompassed 536 records. In that release, CDC released 259 pages in full, withheld 66 pages in full pursuant, and 211 pages in part pursuant to FOIA Exemptions (b)(4), (b)(5), and (b)(6). 5 U.S.C. § 552 (b)(4) (b)(5), and (b)(6).

21.     In January 2024, Plaintiff requested a *Vaughn* Index covering the withholdings that related to the partially and fully withheld records. Thereafter, CDC-FOIA agreed to provide a draft *Vaughn* index for specifically, the withholdings that were related to FOIA Exemptions (b)(4) and (b)(5) regarding the first interim release of Plaintiff's FOIA Request One**.**

22.     For purposes of background, CDC-FOIA sometimes encounters records that may contain trade secrets or confidential commercial information potentially subject to FOIA Exemption (b)(4). FOIA Exemption (b)(4) protects from public release "trade secrets and commercial or financial information obtained from a person and privileged or confidential." (5 U.S.C. § 552 (b)(4)). This exemption protects the interests of both the government and the submitter/owner of the information. It encourages submitters to provide to the government confidential information that is accurate and reliable, and it provides assurances to submitters that the information will be safeguarded appropriately. CDC-FOIA makes reasonable efforts to provide pre-disclosure notification (PDN) to submitters of the receipt of FOIA requests for records in which the submitter may have a commercial interest, where disclosure "could reasonably be expected to cause substantial competitive harm," as required by Executive Order 12,600. Through the PDN process, CDC-FOIA solicits submitters' input on whether disclosure would likely cause substantial competitive harm. Alongside the statutory obligation of PDN's, it is also common

practice to take into consideration the material these submitters want withheld and their reasoning behind the withholdings[1].

23. It is along this line of reasoning that the information withheld under FOIA Exemption (b)(4) was initially withheld because this information was provided by the World Health Organization (WHO) to CDC under the expectation that it would remain confidential, and that the release of this material would have affected WHO's relationship with its member states and their national health agencies.

24. To draft the *Vaughn* Index, CDC-FOIA had to review the underlying records that were the object of the *Vaughn*. In doing so, CDC-FOIA noticed that while their format might differ, the records involved in Plaintiff's FOIA Request One had a content that was similar to the content of the records involved in Plaintiff's FOIA Request Two. As will be later explained in Paragraph 38 below, in Plaintiff's FOIA Request Two, CDC-FOIA had done considerable research and had discovered that information from WHO that was contained in most of Plaintiff's FOIA Request Two records had through various sources, including online, been made available to the public.[2] Informed by the results of its research and review of what was publicly available on Plaintiff's FOIA Request Two, CDC-FOIA therefore decided that there was enough similarity in some of the records involved in the two FOIA requests to warrant that CDC-FOIA use its discretion to lift some redactions in Plaintiff's FOIA Request One. Consequently, CDC-FOIA lifted

---

[1] *See*, as it applied in this case, infodisclosurepolicy.pdf: World Health Organization's disclosure policy and why they consider information received from member states confidential.

[2] For purposes of background clarification, even though Plaintiff's FOIA Request Two was submitted after Plaintiff's FOIA Request One, Plaintiff's FOIA Request Two was assigned to a different analyst ("Analyst 2") than the analyst for Plaintiff's FOIA Request One ("Analyst 1"). Analyst 2 processed Plaintiff's FOIA Request Two before Analyst 1 processed Plaintiff's FOIA Request One simply because given the type of other matters Analyst 2 was handling, Analyst 2 decided that it was easier for Analyst 2 to complete Plaintiff's FOIA Request Two before Analyst 2 started working on the other matters Analyst 2 was working on. It also took less time negotiating the final scope of Plaintiff's FOIA Request Two, so the actual search and processing of the records began sooner than it did for Plaintiff's FOIA Request One.

redactions in Plaintiff's FOIA Request One, and on March 29, 2024, provided to the U.S. Attorney's Office for transmission to Plaintiff a *Vaughn* Index that covered only the redactions that remained, and that had not been lifted in Plaintiff's FOIA Request One.

25.     Meanwhile, on February 23, 2024, CDC-FOIA made its second interim release to Plaintiff which encompassed five remaining records, hence a total of 541 (536 for the first interim release plus 5 for the second) pages for both releases.

26.     After the providing of the *Vaughn* Index, on April 16, 2024, Plaintiff requested additional information regarding the withholdings in ten (10) specific records (nine involving FOIA Exemption (b)(5), and one involving FOIA Exemption (b)(4)) that had been released and that Plaintiff believed should have been more segregated.  To respond to Plaintiff's inquiry, CDC-FOIA reviewed not just these ten (1) specific records, but also all records involved in Plaintiff's FOIA Request One.  While reviewing the records, CDC-FOIA lifted redactions on factual material that CDC-FOIA had not originally segregated because CDC-FOIA believed that it was too intertwined with material subject to FOIA Exemption (b)(5) to be segregated.  CDC-FOIA was now segregating this information because CDC-FOIA realized that due to so much WHO information being available to the public online, there was no longer any foreseeable harm in releasing the internal deliberative communications agency employees were having about this information.  Consequently, CDC-FOIA used its discretion to lift through segregation, some of this previously redacted material.  Most of the redactions that CDC-FOIA lifted related to wording that showed that the information involved in these redactions was in fact FOIA Exemption (b)(5) "deliberative." The information entailed words like "we estimate," "we assumed," "we should think about," etc.  This type of additional segregation was conducted on six (6) records.  Therefore, of the nine records related to FOIA Exemption (b)(5) withholdings, redactions were lifted in their

9

entirety on only three (3) of those records. As for the record that was related to FOIA Exemption (b)(4), throughout this segregation review process, CDC-FOIA did not lift any redactions related to that record because CDC-FOIA still considered that record commercial and proprietary at that time. In sum, as a result of the above actions, on April 26, 2024, CDC-FOIA released records to Plaintiff in which some of the above-mentioned redactions had been lifted.

27. On May 7, 2024, Plaintiff requested additional information regarding two (2) records that had been withheld. These withholdings related to the release that had taken place on April 26, 2024. One record had been withheld in full under FOIA Exemption (b)(4) and the other had been withheld in part under FOIA Exemption (b)(5).

28. The record withheld under FOIA Exemption (b)(4) pertained to an evaluation and assessment of a specific hospital in Sierra Leone that had been involved in treating the Ebola outbreak. Due to the nature of this information, CDC-FOIA determined during the pre-disclosure notice process that took place regarding Plaintiff's FOIA Request One,[3] that there was a commercial interest and, therefore, withheld it under Exemption (b)(4). However, as will be shown later in Paragraph 41, subsequent correspondence between CDC-FOIA and WHO regarding Plaintiff's FOIA Request Two resulted in the release of material related to this specific hospital. For this reason, and because the content was similar in nature, CDC-FOIA later decided to release this record in Plaintiff's FOIA Request One.

29. As for the record that was withheld under FOIA Exemption (b)(5) that Plaintiff also challenged, CDC-FOIA did not lift any of the redactions because the record contains the deliberative process of formulating budgetary decisions and recommendations on cost estimates. Consequently, this information remained redacted.

---

[3] See, Paragraphs 22 through 24 above.

**PLAINTIFF'S FOIA REQUEST TWO**

30. On January 31, 2023, via electronic mail, Plaintiff sent a second FOIA request but this time, to HHS instead of CDC ("Plaintiff's FOIA Request Two").

31. Plaintiff's FOIA Request Two sought the following documents pertaining to the following former HHS employee: Austin Demby Former Director and Deputy Principal for the President's Emergency Plan for AIDS Relief (PEPFAR).

> **Part I**. We request email correspondence to or from Dr. Demby -- including attachments, CC and BCC -- containing any of the following keywords or keyphrases:
> • "Viral Hemorrhagic Fever Consortium" OR "VHFC"
> • "Kenema"
> • "Metabiota"
> • "Tulane"
>
> **Part II.** We seek all email correspondence to or from Dr. Demby -- including attachments, CC
> and BCC – containing the following combinations of keywords:
> • "Sierra Leone" AND "biothreat"
> • "Sierra Leone" AND "bioincident"
> • "Sierra Leone" AND "biosafety"
> • "Sierra Leone" AND "biodefense"
> • "Sierra Leone" AND "lab" AND "sanitation"
>
> The time period covered by this request is from January 1, 2014 to December 31, 2015.

32. On January 31, 2023, HHS acknowledged receipt of Request Two, assigning it tracking number "2023-00399-FOIA-OS." On February 1, 2023, the HHS FOIA Office transmitted by email to Plaintiff that they had referred Plaintiff's FOIA Request Two to CDC-FOIA for direct response, and that since HHS FOIA administration is decentralized, the request would be closed within the HHS office. HHS stated that the CDC would log the request and provide Plaintiff with a new tracking number for reference.

33. On March 9, 2023, Plaintiff wrote to CDC-FOIA explaining that Plaintiff's FOIA Request Two was originally filed on January 31, 2023, with HHS but was referred by HHS to CDC-FOIA that same day. Plaintiff requested that CDC-FOIA acknowledge receipt, a formal determination, an estimated date of completion, and a response to Plaintiff's request for a fee waiver.

34. By email later that day, the Deputy Director of CDC-FOIA informed Plaintiff that he would log the request and ensure that the acknowledgment was sent to Plaintiff that afternoon or the next morning. He also admitted that he had mistakenly understood that the records sought in Plaintiff's FOIA Request Two would be captured in a different request that Plaintiff had also submitted directly to his office, Plaintiff's FOIA Request One. Later that afternoon, Plaintiff thanked him and explained that the information in Plaintiff's FOIA Request Two should not be captured in Plaintiff's FOIA Request One, especially since Plaintiff's FOIA Request One had been narrowed to exclude Mr. Demby.

35. On March 15, 2023, CDC-FOIA requested that Plaintiff provide information to help with fulfilling Plaintiff's FOIA Request Two, specifically, "likely CDC employees that may have communicated with Mr. Demby about the keywords included in your request." CDC-FOIA stated that it had placed Plaintiff's FOIA Request Two on hold until the requested information was received.

36. On March 20, 2023, Plaintiff responded to CDC-FOIA, noting that Plaintiff considered the March 15, 2023, letter an acknowledgment by CDC-FOIA of Plaintiff's FOIA Request Two. CDC-FOIA erred by not sending out a formal acknowledgment letter, which states the tracking number. It is for this reason that Plaintiff considered the March 15, 2023, letter, which did contain tracking number HQ-REF-23-00021, an acknowledgment of the request. Plaintiff also

provided the names and email addresses of four "likely employees that may have communicated with Dr. Demby" regarding the keywords that would be helpful to process Plaintiff's FOIA Request Two. Plaintiff further requested that CDC-FOIA proceed with the search using the names and email addresses provided, and to release documents as available.

37. On May 15, 2023, Plaintiff emailed CDC-FOIA, requesting a status update on the search responsive to Plaintiff's FOIA Request Two and an estimated date of completion.

38. The next day, on May 16, 2023, CDC-FOIA responded by email to Plaintiff that "the search is complete, and the records have been processed." CDC-FOIA informed Plaintiff that "the records were currently undergoing public disclosure notification," and through an attached letter, stated that "additional time" would be required to process Plaintiff's FOIA Request Two. To explain, CDC-FOIA had informed Plaintiff that in accordance with Executive Order 12600 (as was explained above in Paragraph 22), CDC-FOIA had contacted the submitter of the records that were responsive to Plaintiff's FOIA Request Two, and had asked him to "identify information in his records deemed to be confidential commercial or financial material." CDC-FOIA further wrote that after that process was complete, it would forward the releasable portions to Plaintiff.

39. On August 18, 2023, CDC-FOIA sent the final response to Plaintiff which encompassed 391 pages, of which 172 pages were withheld in full under FOIA Exemption (b)(4). As a side matter, it should be noted that Plaintiff filed their Complaint on August 15, 2023, and that CDC was not notified until August 23, 2023, after CDC-FOIA had sent the final response to Plaintiff.

40. On October 25, 2023, CDC-FOIA was notified that Plaintiff was seeking a *Vaughn* Index for the records that were withheld in full for Plaintiff's FOIA Request Two.

41.     To draft this *Vaughn* index, CDC-FOIA reviewed these records again, and conducted in-depth research to determine if, as situations sometimes evolve, any of the information contained in these withheld records was publicly available. In doing so, the analyst located studies that had been officially published which contained the same data and analysis relating to the "Sierra Leone Trial to Introduce a Vaccine against Ebola" (STRIVE), which was the information that had been withheld in the records for Plaintiff's FOIA Request Two. Additionally, in archived webpages on Ministry of Health websites, the analyst found either the exact records, records with very similar content, or both, that contained investigation summaries and data similar to what had been withheld in the records for Plaintiff's FOIA Request Two. Due to these findings, on November 7, 2023, CDC-FOIA sent a PDN to WHO indicating that all information that had previously been withheld under FOIA Exemption (b)(4) was now going to be lifted because that information was publicly available.

42.     On November 29, 2023, CDC-FOIA issued a release to Plaintiff with all FOIA Exemption (b)(4) redactions removed.

## CONCLUSION

43.     As a result, CDC avers that it provided evidence that it complied with FOIA, and adequately discharged its FOIA obligations.

44.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing to be true and correct, to the best of my knowledge, information and belief.

Dated: March 28, 2025

*Roger Andoh*
_____
Roger Andoh