1  Rachel S. Doughty (Cal. Bar No. 255904)
   Lily A. Rivo (Cal Bar No. 242688)
2  GREENFIRE LAW, PC
   2478 Adeline Street, Suite A
3  Berkeley, CA 94703
   Ph/Fax: (510) 900-9502
4  Email: RDoughty@greenfirelaw.com
5  LRivo@greenfirelaw.com

6  *Attorneys for Plaintiff US Right to Know*

7

8                UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

               SAN FRANCISCO DIVISION
10

11  US RIGHT TO KNOW, a California          Case No.: 3:23-cv-04120-PHK
    Non-Profit Corporation
12                                          **DECLARATION OF LILY RIVO IN**
                Plaintiff,                  **SUPPORT OF PLAINTIFF'S MOTION**
13                                          **FOR ATTORNEYS' FEES AND COSTS**
           vs.
14
    UNITED STATES DEPARTMENT OF             Hearing Date: April 18, 2025
15  HEALTH AND HUMAN SERVICES and the       Time: 1:00 p.m.
    UNITED STATES CENTERS FOR DISEASE       Judge: Hon. Peter H. Kang
16  CONTROL AND PREVENTION,                 Dept: Floor 15, Courtroom F
17
18              Defendants.
19
20
21
22
23
24
25
26
27
28
                              - 1 -
                  DECLARATION OF LILY RIVO ISO
       PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
                      3:23-cv-04120-PHK

I, Lily Rivo, hereby declare as follows:

1.     I submit this declaration in support of Plaintiff's Motion for Award of Attorneys' Fees in the above-captioned matter.  I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.

2.     I am an attorney with Greenfire Law PC and am licensed to practice in California. Together with lead counsel, Rachel Doughty, I represent Plaintiff U.S. Right to Know ("USRTK"). I have personal knowledge of the facts declared herein or have been informed by those individuals who have personal knowledge of the facts and will competently testify to them if called upon to do so.

3.     As counsel, I engaged in various aspects of this case, including legal research and drafting, client counseling, review of documents released by Defendants, and communication/ negotiation with counsel for Defendants.

4.     CDC did not produce any documents to USRTK's two FOIA requests until *after* USRTK filed a complaint, and prior to the complaint being filed, CDC did not confer with USRTK about any potential exemptions.

5.     All of the documents which CDC initially withheld based on FOIA Exemption 4 were subsequently turned over to USRTK in response to USRTK's two FOIA requests. All but one consist of pages from a 2015 slideshow that addresses the Sierra Leone Trial to Introduce a Vaccine against Ebola (STRIVE). The one document actually disclosed that might possibly contain any commercial information pertains to the Kenema Governmental Hospital. CDC ended up withdrawing its exemption for this document after conferring with Plaintiffs and produced the record.

6.     CDC was a principal and sponsor of STRIVE, and data from the initiative has been produced repeatedly, with the CDC publishing information as early as 2015.

    a.  CDC's website contains a 2015 slideshow, Sierra Leone Trial to Introduce a Vaccine against Ebola (STRIVE), which can be found at https://stacks.cdc.gov/view/cdc/37194. The slideshow notes that CDC is a

principal in STRIVE, and the initiative's goal is to "accelerate introduction

and use of an Ebola prevention vaccine among at-risk people in Sierra Leone

with concurrent evaluation of the efficacy and safety of the vaccine." Slides 3-

4.

b.  In 2016, a CDC employee published "Vaccine trials during outbreaks: The

Sierra Leone trial to introduce a vaccine against Ebola (STRIVE) experience,"

in the International Journal of Infectious Diseases. The document can be found

at https://www.ijidonline.com/article/ S1201-9712(16)31254-1/fulltext. That

same year, various authors (including authors with CDC) published

"Implementing an Ebola Vaccine Study — Sierra Leone" in Supplements.

This document can be found at CDC's website at https://www.cdc.gov/mmwr/

volumes/65/su/ su6503a14.htm#contribAff. Both discuss the STRIVE

initiative.

c.  In 2018, the full issue of the Journal of Infectious Diseases focused on

STRIVE, with CDC authoring or co-authoring all of the articles. A copy of the

index can be found at https://academic.oup.com/jid/issue/217/suppl_1. One of

the articles, entitled "The Sierra Leone Trial to Introduce a Vaccine Against

Ebola: An Evaluation of rVSV∆G-ZEBOV-GP Vaccine Tolerability and

Safety During the West Africa Ebola Outbreak" states:

> The Centers for Disease Control and Prevention (CDC) sponsored the
> Sierra Leone Trial to Introduce a Vaccine against Ebola (STRIVE) and
> conducted it in collaboration with the College of Medicine and Allied
> Health Sciences, University of Sierra Leone, and the Ministry of Health
> and Sanitation. We designed STRIVE to accelerate availability of a
> potentially efficacious vaccine to a high-risk population—healthcare and
> frontline response workers—while simultaneously evaluating safety and
> efficacy. …
>
> In August 2015, the World Health Organization (WHO) … [led a] vaccine
> trial in Guinea.

This article is located at https://pmc.ncbi.nlm.nih.gov/articles/ PMC5961340/.

DECLARATION OF LILY RIVO ISO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
3:23-cv-04120-PHK

1    7.    The pages that CDC improperly identified as being exempt under FOIA

2  Exemption 4 contain no information regarding anything that a commercial business would want

3  to protect for fear of competitive injury. Instead, they consist primarily of slides that summarize

4  incidences of Ebola, deaths from Ebola, the number of days since the last confirmed Ebola case

5  was diagnosed, vaccine safety, viral hemorrhagic fever cases, as well as maps and general

6  photographs.

7    8.    In Plaintiff's fee motion, USRTK requested the Court award it $139,778.15 in

8  fees and $1,1337.60 in costs, for a total of $141,115.75. USRTK also now requests an additional

9  $17,730 in fees for work incurred in responding to Defendants' opposition. Attached hereto as

10  Exhibit 1 is a record that correctly details this work and time spent.

11    9.    In the case of *USRTK v. United States Department of Defense, Uniformed*

12  *Services University of the Health Sciences* (USU), Case No. 23-cv-02956-TSH, Judge Hixon

13  issued an order awarding fees to USRTK. Attached hereto as Exhibit 2 is a true and correct copy

14  of this order.

15    10.    For the USU case (identified above in paragraph 9), USRTK was represented by

16  Daniel Snyder, an Oregon attorney with the non-profit legal organization, Public Justice. As the

17  case was filed in the Northern District of California, Greenfire Law PC served as local counsel.

18    11.    The USU case did not require any filing of non-fee motions nor did the parties

19  attend a settlement conference. The fee motion was written primarily by Daniel Snyder of Public

20  Interest, with Greenfire Law PC assisting with edits and factual content.

21    12.    For the USU case, USRTK requested the Court award it $75,237.87 in fees and

22  $6,583.96 in costs, for a total of $81,821.83. The majority of hours spent on the litigation were a

23  result of work performed by Public Justice. Greenfire Law PC sought fees only for 39.27 hours.

24  While the requested rates were lower in the USU case, the Plaintiff also asked for a lodestar

25  multiplier, and Richard Drury declared that a multiplier of 1.5 or higher was appropriate.

26

27

28

13.   In the above-captioned case, we did not ask Mr. Drury to give opinions regarding a multiplier and have not asked the Court to apply a multiplier. Instead, our fee rate is based on the Laffey Matrix and fee awards issued in cases in the Northern District of California.

14.   Greenfire Law PC's rates in the USU case were based on the Laffey Matrix's rates for 2023-2024, while Mr. Drury used the 2024-2025 Laffey Matrix rates for the current action.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of April, 2025, in Berkeley, California.

By: _____
Lily A. Rivo

DECLARATION OF LILY RIVO ISO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
3:23-cv-04120-PHK